LINSEY ROSS *v.* JOSEPH FULLER AND HIRAM CARPENTER.

ADDISON,
January,
1839.

The appointment of a special officer to make service of process is a judicial act, which can be exercised only by the authority signing the process.

Where a justice of the peace signed a blank writ, and a deputation on the back of it, in blank, which deputation was afterwards filled up by a third person, without the direction or knowledge of such justice, and the person thus deputized made service of the writ by attaching property; Held, that such deputation was void, and that the person thus deputized was a trespasser.

F. held a note against R., not negotiable, and at R's request passed the note to S., and R. gave his consent that S. might dispose of the note to whomsoever he pleased. S. afterwards sold the note to A., who sued it in the name of F., and, without the knowledge or consent of F., caused an illegal deputation to be made to C. to serve the writ, who served it by attaching the property of R. ;—Held, that F. was not liable for the property so attached.

TROVER for a mare.

The defendants pleaded, severally, the general issue, and the defendant, Fuller, gave notice of special matter. The defendant, Carpenter, also pleaded, in justification of the taking, that he took the mare by virtue of a writ of attachment, issued by Henry C. Kimball, a justice of the peace, in favor of the defendant, Fuller, against the plaintiff, which writ the defendant, Carpenter, was, by said justice, duly authorized to serve and return ; that a judgment was rendered by said justice, upon said writ, against the plaintiff in this suit, by default, for $7,12 damages and $2,23 costs; that a writ of execution issued thereon in due form of law, and that the defendant, Carpenter, was, by said justice, duly authorized to serve and return said writ of execution; that said Carpenter sold the mare on said writ of execution, after advertising the time and place of sale according to law, for $24,25, and after satisfying said damages and costs, and the legal costs on said writ of execution, paid over the balance to said Ross, and made return of said writ of execution to said justice, Kimball, &c. The plaintiff traversed the facts so pleaded and issues were joined to the country.

Upon the trial in the county court, the plaintiff introduced testimony tending to prove the taking of the mare by the defendant, Carpenter.

The defendant, Carpenter, to prove his plea of justifica-

ADDISON,
January,
1839.

Ross
v.
Fuller et al.

tion,gave in evidence copies of the writ of attachment,service, judgment, execution and return thereon, mentioned in said plea, from which it appeared that he was authorized by said justice Kimball to serve said writs; that the writ of attachment was served by attaching a mare of the plaintiff in this suit, and that the mare was sold upon the writ of execution, as stated in said plea, and introduced testimony tending to show that the taking, complained of by the plaintiff, and the taking and disposing of said mare, under said writs of attachment and execution, were the same.

The plaintiff then offered as a witness,the justice who signed said writs, who was admitted to testify, without objection, and who testified that he signed the writ of attachment and deputation on the back of it, in blank, at Huntington, in the county of Chittenden, and left it in the hands of a third person, and that said writ and deputation were filled up and Carpenter's name inserted, by some person other than himself, and that he signed said writ in blank, and put his name on the back of it for the purpose of having a deputation written over his signature, but did not know, at the time, who was to be deputized or what particular use was to be made of the blank, and that he knew nothing more of it until after the writ was served.

The defendant, Fuller, to maintain the issue on his part, gave evidence to prove that the plaintiff gave to him a note, for about seven dollars, payable in work, (the same note described in said justice's writ) and that the plaintiff agreed with one Smith to labor for Fuller and take the said note as his security therefor; and requested the defendant, Fuller, who was present, that in case Smith should labor for him, to the amount of the note, to let Smith have it, and that the plaintiff and Smith would arrange the business between themselves. It also appeared that the plaintiff informed Smith, in the presence of Fuller, that if plaintiff did not pay the note to Smith, at the time agreed upon, he might sell the note to whom he pleased, and that the defendant, Fuller, made no objection; that the said Smith afterwards did perform labor for Fuller to the amount of the note, and Fuller delivered it to him, and Smith, afterwards, sold the note to one Allen, who caused the suit to be brought upon the note and the mare to be attached and sold on said execution.

There was no evidence to show that Fuller had any direct agency in making the attachment, or in the subsequent proceedings, or that he had any thing to do with it, except as before stated.

Upon this evidence the counsel for the defendants requested the court to charge the jury, that Fuller could not be made liable in this action, and that the justices's process, and the subsequent proceedings under it, were a sufficient justification to the defendant, Carpenter.

But the court refused so to charge the jury, but did charge them, that if they believed the testimony of said justice, Kimball, the deputation was void and conferred no authority upon the defendant, Capenter, to serve said writ, and was no justification for him, even though he had no notice that the deputation was signed in the manner in which it had been proved to have been done, and that, upon the evidence, the defendant, Fuller, was also liable, and that the plaintiff was entitled to recover the value of his mare, together with the interest from the time of the taking up to the time of judgment, deducting therefrom the amount of the note which had been paid by the sale of the property. A verdict was returned for the plaintiff against both defendants, and the defendants excepted to the charge of the court.

*C. Linsley and W. P. Briggs*, for defendants.

The plaintiff seeks to set aside a judgment rendered by one justice of the peace, who had jurisdiction of the parties and of the subject matter, by this action on the case, brought before another justice of the peace.

The records of the proceedings before justice Kimball, show full knowledge in the plaintiff of the attachment of the property, and the time of holding the court, therefore ;

1. The defects complained of should have been pleaded in abatement and cannot be taken advantage of in this collateral way. *Kellogg, ex parte,* 6 Vt. R. 510.

2. The case shows no knowledge in Carpenter that there was irregularity in filling up the blank deputation, either as to the time, place, or manner in which it was done. Nor was he bound, by law, to know this any more than a sheriff is bound to look beyond his precept to enquire into the jurisdiction from whence it emanated. This, it is well settled, a

sheriff is not bound to do. *Pierson* v. *Gale et al.* 8 Vt. R. 509.

3. The judgment rendered by Kimball is not a void judgment, nor is it pretended there was frand in its procurement; hence, until it is annulled and set aside, it must be binding upon the plaintiff, at least, as respects the defendant, Carpenter. 1 Esp. 409. 5 Dane's Dig. 224. 10 Mass. R. 164.

4. Carpenter was acting in good faith, with a writ and deputation, legal upon the face of them, and hence it must follow, as a necessary legal consequence, that the writ, judgment, and execution, under which the property was taken and sold, were a full justification.

5. But whatever legal conseqences may be visited upon, the defendant, Carpenter, no liability whatever can attach to the defendant, Fuller, under the peculiar character of this case.

The case *Tichout* v. *Cilley,* 3 Vt. R. 415, bears no analogy to this case in the facts. There the party, plaintiff of record, was the procuring cause of, and the party most interested in the suit and the collection of the note. And, in giving the opinion of the court in that case, the chief justice remarks—"But, if any action were brought against him for any other damages resulting from such unauthorized suit, I doubt the right to recover without showing his consent to the suit, either express or implied," and here the case negatives all knowledge whatsoever.

*Hyde & Peck, and S. S. Phelps,* for plaintiff.

I. The deputation, put in issue by the pleadings, is irregular and void.

1. The writ, which is the basis of the authority of the justice, must exist antecedent to the exercise of the power given by the statute to depute a person to serve it. This follows from the nature of the case and the language of the statute. Stat. 127. A warrant to a bailiff, made before the issuing and delivery of the writ to the sheriff, is void. Ham. N. P. 51.

The name of the justice written upon the writ, and the form of a deputation afterwards written over it, without the direction of the justice, conferred no authority on Carpenter and consequently he was a trespasser. 1 Hale's P. C. 457.

Foster's C. L. 312, cited and approved in *Cole* v. *Hindson* 6 T. R. 234 *per* Lawrence, J. *Burslem* v. *Fern*, 2 Wils. 47. *Honsin* v. *Barrow*, 6 T. R. 122. Ham. N. P. 51-52. Swift's Dig. 498. 2 Vt. R. 314. Public policy requires such deputations to be held void. Whoever attempts to exercise a power, must judge, at his peril, of the validity of his own appointment. Officers are sometimes protected where the party is not, for the reason that they are bound to execute the process; but no such reason applies to one specially deputed, who is a mere volunteer, and acts as the agent of the party. *Stone* v. *Seaver*, 5 Vt. R. 549. *State* v. *McOmber*, 6 Vt. R. 218. There must be jurisdiction of the cause, the person and the process, and that jurisdiction must be pursued. Carpenter having no authority to serve the writ, the whole proceedings were void. *Martin* v. *Marshall & Key*, Hob. 63. *Grumon* v. *Raymond & Betts*, 1 Conn. R. 40, 45. *Bigelow* v. *Stearns*, 19 Johns. R. 39. *Adkins* v. *Brewer*, 3 Cowen, 206. *Reynolds* v. *Orvis & Herrick*, 7 Cowen, 269. *Suydam* v. *Keys*, 13 Johns. R. 446. *Hart* v. *Huckins*, 6 Mass. 399. But be this as it may, the after proceedings cannot cure the taking, and a material allegation in the plea being falsified the justification fails. The *issue* was proved for the plaintiff.

II. Fuller, the plaintiff of record in the original suit, is liable. The party is liable for whatever is done under process in his name, although the suit is unauthorized by him. *St. Albans et al.* v. *Bush*, 4 Vt. R. 58. But, however this may be, all who aid, assist, authorize or consent to a trespass, either before or after the act, are liable. Co. Lit. 57, a. 2 Inst. 183. And whoever, in any way, authorizes a suit in his name, is responsible for the regularity of the proceedings and liable to the party injured for whatever is done, under color of the process, and must seek his remedy against those who abuse such authority. *Barker* v. *Braham & Norwood*, 3 Wils. 368. *Parsons* v. *Loyd*, 3 Wils. 341. *Bates* v. *Pilling*, 6 B. & C. 38. The remedy for such abuses ought to be direct and ample, *per* Platt, J., 13 Johns. R. 446. *Bush* v. *Steinman*, 1 Bos. & Pul. 404. The case shows, in substance, a sale of the note to Smith, who was to keep the note on foot against Ross and put it afloat in community, and this too with the privity of Fuller. The sale of a chose

in action, especially not negotiable, carries with it an authority to prosecute in the name of the payee and thus he becomes a party to the record, by his consent. Fuller was not bound thus to part with the note, but, having done so, must take the consequence of his own act. *Tichout* v. *Cilley*, 3 Vt. R. 415, is not distinguishable from this case.

2. The statute, making the acts of one thus deputed "at the risk of the plaintiff," which must be taken to be the plaintiff of record, fixes the liability of Fuller.

The opinion of the court was delivered by

ROYCE, J.—The appointment of a special officer to make service of process is a judicial act, which can be exercised only by the authority signing the process. This is fully settled by the case of *Beebe* v. *Steel*, 2 Vt. R. 314, and others which have followed it. It must result that the deputation upon the original writ, in this instance, having been signed by the magistrate in blank, and afterwards, without his direction or knowledge, filled up by a third person, conferred no legal authority upon the defendant, Carpenter. He was never appointed to serve the writ, and his proceedings under it were therefore unauthorized and void. Besides, the fact that the writ was merely signed in blank, when the supposed deputation was indorsed upon it, would render the deputation ineffectual and void, even had it been filled with the name of Carpenter by the justice himself. *Kelly* v. *Paris*, 10 Vt. R. 261. And this was not a mere ground of defence to the suit by way of abatement, but a radical defect, which the judgment by default did not cure. The plaintiff was, of course, entitled to recover, in this action, against the defendant, Carpenter.

It remains to consider the case in reference to the defendant, Fuller. It appears that he held the plaintiff's note, which was not negotiable ;—that, at the plaintiff's request, he passed the note to one Smith, who had the plaintiff's express consent that he might dispose of it to whomsoever he pleased ;—that Smith sold it to one Allen, who instituted a suit upon it, and caused the horse in question to be attached and taken away by Carpenter. The question is, whether Fuller, the original payee of the note, and whose name was necessarily used in the suit upon it, is liable for the trespass complained of

The principle, that, in trespass, all are liable who participate in the act, whether by aiding in it, or advising or assenting to it, will sometimes subject a person, as a trespasser, who has merely delegated an authority to be executed for his benefit. This is the ground upon which the cases cited from Wilson are sustained, and upon which the real party to a suit is usually made responsible for the acts of his attorney, and for those of ministerial officers employed in his service. But the case at bar is not within the spirit of this rule. The defendant, Fuller, was a nominal, but not a real party to these void proceedings. His previous sale of the note was a legal act, operating to transfer the interest in it for all collateral purposes; for every purpose, indeed, except that of prosecuting a suit directly upon the note. The legal custody of the instrument belonged to the purchaser, as would the avails, when collected, or otherwise received. And his authority to use the name of Fuller, in suing upon the note, was a power to be executed for his own benefit, and over which Fuller had no control. Why, then, should he be answerable for this trespass, committed in his name, but without his co-operation or power of prevention? To hold him liable, it must be assumed that the record, in the action upon the note, furnishes evidence which is legally conclusive that he did personally concur in the trespass, or had an interest to be promoted by it. But, since all this may be effectually disproved for other purposes, we think the evidence equally available for his protection in this instance. It is true, that, according to the decision in *St. Albans* v. *Bush*, the plaintiff of record in an unsuccessful suit, though it were brought without his privity or consent, is conclusively fixed with the costs recovered therein by the other party. But that case evidently proceeds upon a ground too narrow to sustain the present. It does not affirm the conclusiveness of the record, for any purpose beyond that of enforcing the judgment itself. The case of *Tichout* v. *Cilley* has a much nearer resemblance to the present, and some of the reasons which appear, in the opinion of the court, would seem to go the length of supporting this action. In some important particulars, however, the two cases differ. In selling the note of *Tichout* to Taylor and Prentiss, there was an express stipulation contemplating a suit on the note, and Cilley regulated his re-

Ross
v.
Fuller et al.

sponsibility in reference to it.   He also turned out property upon the original writ, and, according to the report of the case, Tichout does not appear to have had notice that his note had ever been transferred.   As several of these considerations appear to have entered into the grounds of that decision, we cannot regard it as. an authority governing the present case.

Judgment of the county court reversed.