TAYLOR and another *vs.* BOLMER.

Where the plaintiff pending the suit made a general assignment to trustees for the benefit of creditors, and the cause was afterwards tried and the defendant had judgment, the assignees not having intermeddled with the prosecution; *held* that they were not liable for the defendant's costs.

MOTION that assignees pay costs. In January, 1845, the plaintiffs brought this suit to recover a demand of about $800. In May following, pending the suit, the plaintiffs made a general assignment of their property, this demand among the rest, to *Miller & Shaurman*, for the benefit of their creditors—Miller & Shaurman being two of the creditors intended to be benefitted by the assignment. The plaintiffs continued the prosecution of the suit until December last, when it was finally determined in favor of the defendant, and his costs were taxed at $118,83. The plaintiffs are insolvent. The cause having been referred, Miller, one of the assignees, appeared in obedience to a subpœna and was sworn as a witness; and on the examination of the defendant, he said that a recovery of the claim would inure to the benefit of the creditors of the plaintiffs.

But neither of the assignees took any part in the prosecution of the suit: they did not employ an attorney, nor request the attorney of the plaintiffs to proceed ; nor did they contribute money, or do any other act by way of carrying on the suit.

*W. M. Evarts,* for the motion, cited *Miller* v. *Franklin,* (20 *Wend.* 630 ;) 2 *Cowen,* 460 ; 20 *John.* 475 ; 18 *Wend.* 672.

*J. Davis,* for the assignees, cited *Whitney* v. *Cooper,* (1 *Hill,* 629.)

*By the Court,* BRONSON, Ch. J.   The rule is, that when an assignee, or person beneficially interested in the demand, brings or carries on a suit in the name of another, he must pay the defendant's costs if the suit fail.   Here the assignees neither brought the suit, nor have they been instrumental in carrying it on.   They have done no act whatever by way of prosecuting the claim.   The defendant relies on a *dictum* of mine in *Miller* v. *Franklin,* (20 *Wend.* 630,) to the effect that it is enough that an assignee *pendente lite* knows of the suit, and allows it to proceed for his benefit.   That was going too far.   None of the cases charge the assignee unless he has employed the attorney, contributed money, or in some other way been instrumental in carrying on the litigation.

Motion denied.