Smith agt. Osborn.

# SUPREME COURT.

## ALPHEUS F. SMITH agt. LEWIS A. OSBORN.

1. In an action, in its scope and essence of an equity character, issues were joined and the cause noticed and put on the jury calendar for trial. On its being called on, no objections were made to the fact that it should be tried by the court alone, but the parties went on to trial before the court and jury. At the close of the case ten distinct questions of fact were submitted to the jury to be passed upon by them ; and the case, after summing up of counsel, was submitted to the jury, under the charge of the judge, to find on these specific questions of fact. The jury found specifically on these questions of fact. On a motion for judgment on the special verdict it was held that an objection made by the defendant, that there had been no proper trial and that the trial at the circuit was unauthorized, came too late.

2. The submission, without objection of those distinct questions of fact, to the jury, to be passed upon by them, was a consent to that form of trial and a waiver of the right to a different form of trial.

3. Where, pending a trial before a court and jury, the father of one of the attorneys and counsel of the defendant died, so that his client was deprived of the services of his said counsel, who went to the funeral of his father, the other counsel remaining, and no suggestion of the fact being made to the court trying the cause at the time, it was held not to be ground for a new trial on the ground of surprise.

4. So, also, the fact that the remaining counsel was laboring under a nervous affection, and was at the time under medical treatment so that he did not properly listen to the suggestions of the defendant nor efficiently conduct his defense, will not be cause for a new trial on the ground of surprise ; the defendant having been present at the trial and having had there full opportunity on the stand, having been examined as a witness in his own behalf, to make all available explanations about the matters concerning which he supposed his counsel did not have adequate knowledge.

5. Suggestions of the above nature, not made at the trial but first heard after an adverse finding of the jury, do not come with unabated force.

Smith agt. Osborn.

*Special Term, New York, December,* 1872.
*Before Hon.* E. L. FANCHER, *Justice.*

THIS case came up on a motion on the part of the plaintiff for judgment on a special verdict. The facts are fully detailed in the opinion of the court.

> ·DENNIS McMAHON & W. H. WILLIAMS, *for the plaintiff, in support of the motion.*
> C. H. WHINFIELD & CHARLES LEEDS, *for defendant, opposed.*

FANCHER, *J.*—This is an application for judgment upon a special verdict. The complaint alleged that the defendant had, by false and fraudulent representations, procured from the plaintiff his three promissory notes for $1,000 each.

The false representations consisted in certain statements made by the defendant as to the value of certain hotel stock, which he induced the plaintiff to accept as security for the notes, relying upon the supposed truth of the representations. Two of the notes were negotiated by the defendant, and the prayer of the complaint was that the defendant should be adjudged to deliver up the unnegotiated note, and should pay to the plaintiff the amount of the principal and interest of the two notes negotiated.

The defendant answered. Instead of bringing on the trial of the issue of fact at the special term, it was brought on at the circuit, where the cause was called on the circuit calendar, when counsel for both parties appeared.

There is some dispute as to what occurred at the circuit in reference to the trial of the issue ; but it clearly appears that ten questions were drawn up in writing, to be submitted to the jury, and thereupon the counsel for both parties examined and cross-examined witnesses and summed up before the jury.

After a charge of the judge, the jury retired for deliberation, and afterward returned into court, and rendered their

special verdict by answers to the ten questions submitted to them.

The questions and special verdict are as follows: ·

(1.) Did the plaintiff, in March, 1869, as averred in the complaint, loan to the defendant his three promissory notes, one dated March 12, for $1,000, at three months; March 15, for $1,000, at three months; March 18, for $1,000, at three months? *Yes.*

(2.) Did the plaintiff, as averred in the complaint, exchange one of said $1,000 promissory notes by giving two of $500 each therefor? *Yes.*

(3.) Did the plaintiff, as averred in the answer, give the said three notes to the defendant in payment of thirty-seven and a half shares of stock, twenty-five shares on account of Culver and twelve and a half shares on his own account? *No.*

(4.) In case the jury find in favor of the loan of the notes, was such loan procured by the defendant from the plaintiff by means of the representations set forth in the complaint, or any of them? *Yes.*

(5.) Were such representations, at the time they were made by the defendant, true or false? *They were false.*

(6.) Were they known by the said defendant, at the time he made them, to be so untrue? *Yes.*

(7.) Did the plaintiff make the loan relying upon the truth of those representations? *Yes.*

(8.) Did the plaintiff, before the suit, demand back his said notes and offer to return the stock? *Yes.*

(9.) What damage has the plaintiff sustained by such representations, if so found to be untrue? $2,247.25.

(10.) Had the defendant, at the time of the commencement of this suit, possession of one of the $1,000 notes now in suit? *Yes.*

All the material questions raised by the pleadings were thus determined.

It is apparent, from the perusal of the special verdict, that all the material questions of fact at issue in the action were

tried before the court and jury at the circuit, and that they were deliberately determined.

The plaintiff now applies to the special term for judgment according to the special verdict, and the defendant, by his counsel, opposes the application on the ground that there has been no proper trial, and that the trial at the circuit was unauthorized.

I think the objection of the defendant comes too late (*Bucklin* agt. *Chapin*, 53 *Barb.*, 488). Had he insisted upon such an objection at the circuit, probably the judge would have remanded the cause to the special term, or deferred the trial of it until an order had been entered by which the proper issues were framed.

But, it seems, that both parties acquiesced in the summary and informal manner of proposing the proper issues by questions in writing, to be submitted on the evidence to the jury; and that the counsel for both parties entered voluntarily upon the trial upon such questions. Clearly, this was a consent to that form of trial, and a waiver of the right to a different form of trial (*Dayharsh* agt. *Enos*, 5 *N. Y.*, 531; *Greason* agt. *Keteltas*, 17 *id.*, 498; *Moffat* agt. *Moffat*, 10 *Bosw.*,468).

The questions which were submitted to the jury were such as should be tried in that manner, as they involved the alleged fraud (*Davis* agt. *Morris*, 36 *N. Y.*, 572; *Freeman* agt. *Atlantic Mut. Ins. Co.*, 13 *Abb. Pr. R.*, 124); and the special verdict found all the facts which are requisite to enable the court to say, upon the pleadings and verdict, which party is by law entitled to judgment without reference to the evidence.

A special verdict is that by which the jury find the facts only, leaving the judgment to the court (*Code*, § 260).

Upon the facts which the jury have found by this special verdict there is nothing left for the court to determine, except the question of law as to what judgment should be given (*Langley* agt. *Warner*, 3 *N. Y.*, 327; *Barto* agt. *Himrod*, 8 *id.*, 483).

It is easy to determine what judgment should be pronounced upon the facts thus found.

The plaintiff is entitled to the relief demanded in the complaint.

The application for judgment is made on the part of the plaintiff, not alone on the pleadings and special verdict, but, also, on an affidavit touching the proceedings at the circuit. To this affidavit the defendant has replied by an affidavit on his part, which is intended to oppose the application for judgment, not only on the ground that the trial at the circuit was improper, but, also, to set forth surprise at such trial as a reason why the defendant should have a new trial.

It appears by his affidavit that the father of one of his attorneys died pending the trial, and, in consequence, that, for a portion of the trial, the defendant was deprived of the attendance and aid of such attorney. But the answer to this fact is, the counsel for the defendant who had begun the trial still continued, in the presence of the defendant, the defense; and no suggestion to the court was then made that the unexpected absence of the attorney was cause for a suspension of the trial.

The affidavit of the defendant further sets forth that his counsel was laboring under a nervous affection, and was, at the time, under medical treatment, so that he did not properly listen to the suggestions of the defendant nor efficiently conduct his defense.

To support this assertion the defendant makes an explanation as to certain chattel mortgages covering property in the " Osborn House," which shows that the summation of mortgages was $11,350, instead of $14,000, as represented at the trial. It is apparent that the explanation offered is not sufficient to make a material variation in the evidence.

If the plaintiff was deceived, as stated in the special verdict, the deception would scarcely have been mitigated by the alleged difference in the aggregate of the chattel mortgages. Besides, the defendant was present at the trial, and had then

full opportunity to make all available explanations as to the condition and amount of the chattel mortgages. As to the surprise predicated of the ill health of his counsel, the defendant does not show sufficient to entitle him to a new trial.

It is scarcely probable that any injustice to the interests of the defendant arose from the condition of his counsel. Suggestions of this nature, not made at the trial, but first heard after an adverse finding of the jury, do not come with unabated force. A party, defeated in a trial involving an issue of the nature of that developed in this action, might readily attribute his discomfiture to some collateral rather than the direct cause.

But in order that the defendant may have no ground of complaint, the affidavits read on both sides on this application will be considered as affidavits on the defendant's motion for a new trial, on the grounds both of irregularity and surprise.

Such motion is denied; and, at the same time, the application of the plaintiff for judgment on the pleadings and special verdict is granted, with costs.

The defendant will then have opportunity of an appeal from the order denying the motion for a new trial, which can be heard at the general term, with any appeal from the judgment, on a case containing exceptions, should such appeals be desired.

Defendant's motion for new trial denied, and plaintiff's application for judgment on the pleadings and special verdict granted, with costs.