## In the Matter of the Receivership of the Guardian Savings Institution.

Q. having been appointed receiver of an insolvent savings bank executed his bond with O'D. as surety.    Q. entered upon his duties, but subsequently by leave of the court resigned, and a new receiver was appointed. An order of Special Term was made settling the accounts of Q., as receiver, which contained a clause authorizing O'D. to appeal on stipulating to be bound by the decision thereon.    O'D. appealed to the General Term; making the required stipulation, which was accepted by the opposite party.    The appeal was heard without objection to the right of O'D. to appeal; the order appealed from was affirmed, with a direction that O'D. pay to the new receiver the amount of the bond.    *Held,* that O'D. was entitled to appeal to this court.

About the time of Q.'s appointment as receiver he was appointed by one R. as one of three trustees, to dispose of certain property belonging to R. and apply the proceeds in payment of such creditors of the savings bank, as should assign to R. their claims, and subrogate him to their rights to the extent of such payments; this office Q. accepted.    It appeared upon the reference to settle Q.'s accounts, as receiver, that he received as pro-

ceeds of R's property and paid to certain creditors about $47,000 ; the referee in stating the accounts gave Q. credit for the sums so paid, but these credits were disallowed by the Special Term. *Held*, no error; that the receiver was not entitled to the benefit of these payments, as they were not made out of property of the bank, and so far as the receiver was concerned the debts upon which the money was paid were still outstanding.

*Langley* v. *Warner* (3 N. Y., 327), and *Amidon* v. *Wheeler* (3 Hill, 137), distinguished.

(Argued April 1, 1879; decided October 14, 1879.)

APPEAL by Joseph J. O'Donohue from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, which adjudged Jeremiah Quinlan, late receiver of the Guardian Savings Institution, indebted as such receiver in the sum of $98,403 cash balance in his hands, and directing payment thereof to the present receiver.

Quinlan entered upon the discharge of his duties as receiver, but subsequently, by leave of the court, resigned, and a new receiver was appointed, to whom Quinlan was directed to deliver the assets in his hands, and a referee was appointed to take and state his accounts.

The order of Special Term was made upon the coming in of the report of the referee ; it also contained a clause granting leave to Joseph J. O'Donohue, surety upon the bond of Quinlan, to appeal on filing with the clerk of the court and serving upon the attorneys for the present receiver a stipulation agreeing to become bound by any decision made and rendered on the appeal by the General Term, or in the Court of Appeals, in case he should be entitled to and should appeal to that court.   O'Donohue gave the stipulation required, which was accepted, and appealed to the General Term, he being the only appellant; the appeal was heard without objection, so far as appeared. The General Term, in the order of affirmance, directed O'Donohue to pay to the present receiver the amount of the bond, with interest.

The further material facts appear in the opinion.

*William Allen Butler*, for appellant. The appellant was a party to the proceeding, and the order was appealable. (Code, § 190, sub. 2, 3; *Little* v. *Comm*, 48 Penn., 337 ; *Binsse* v. *Wood*, 37 N. Y., 526.) The court below had only power, on the accounting of Quinlan as receiver to ascertain the sums collected, received and paid out by him as such, and to declare the balance due by him as the result of an account. (2 R. S., 462, §§ 37–57; id., 472, §§ 85–89; id., 466, 956; *In re Harmony F. Ins.*, 45 N. Y., 310, 367; *Castle* v. *Noyes*, 14 id., 329, 335.) The appellant as surety of Quinlan, the receiver, cannot be made liable for any default of his as trustee. (Burge on Suretyship, 46, 222; *Broom* v. *Van Hook*, 1 Redf., 344; *Elmerdorph* v. *Tappen*, 5 J. R., 176; *Suprs.* v. *Bates*, 17 N. Y., 242, 247.) Quinlan acted within the proper scope of his duties as trustee under Roche's deed, when he paid the claims of the fifteen creditors, and of the public administrator out of the Roche. trust fund. (*Pennell* v. *Deffell*, 4 De G., M. & G., 372; *Ex parte Hobbs*, 2 Lowell's Dec., 491; *Langley* v. *Warren*, 3 N. Y., 327; *Amidon* v. *Wheeler*, 3 Hill, 137.)

*James Thomson*, for respondent. The order of General Term was not appealable. (*Meth. Churches* v. *Barker*, 18 N. Y., 466; *In re Lockey*, 2 Russ., 466; *Maunsell* v. *Egan*, 3 J. & La F., 251.) It was the receiver's duty to keep the money deposited as directed by the order appointing him, and to keep it separate and distinct so that it could be identified. (*Utica Ins. Co.* v. *Lynch*, 11 Paige, 520; *Lansing* v. *Lansing*, 45 Barb., 182; *Duffy* v. *Duncan*, 32 id., 587; 35 N. Y., 187; *Cowing* v. *Howard*, 46 Barb., 589; *In re Stafford*, 11 id., 553.)

Danforth, J. O'Donohue the surety of Quinlan was the only party appellant before the General Term, and his right to be there does not seem to have been questioned. His stipulation to be bound by any decision which might be rendered on the appeal was accepted by the other party, and

the appeal resulted in an affirmance of the order with a direction that O'Donohue pay to the receiver the sum of $50,000, that being the amount of his bond. In this important particular the case differs from that of *The People* v. *Lynch* (54 N. Y., 681). If the order was wrong he is the party aggrieved and entitled to be heard in this court.

Upon the merits however I think the case a very plain one. On the 17th of November, 1871, the court laid its hands upon the assets of the Guardian Savings Institution, and Quinlan having executed his bond with the appellant as surety was appointed by the court to take charge of its property and effects. The question as to the distribution of the assests and the rights of those claiming the same was reserved for future direction. Quinlan entered upon his duties as receiver, and about the same time was, by an instrument executed by Mr. Roche, appointed one of three trustees to dispose of certain property belonging to Roche, and apply the proceeds in payment of such creditors of the Savings Institution as should assign to Roche their claims, and subrogate him to their rights as creditors against the institution to the extent of such payments respectively. This office he accepted, and thus as regards the creditors of the institution became clothed with two characters. As an officer of the court to distribute according to its orders money derived from the assets of the bank in discharge of debts owing by it, and as trustee of Mr. Roche to apply his property in the purchase of debts against the institution and not otherwise. The duties and the obligations of the two positions were dissimilar. The appellant was bound for the faithful performance by Quinlan of the duties of his office, but had no concern with him as trustee. Neither had the court, nor did it assume to have. The order upon the execution of which the controversy before us has arisen, appointed a referee to take and state the accounts of Quinlan as such receiver, and to ascertain and report to the court, the amount of cash collected by him, the disposition thereof if any, and the balance remaining in his hands after all just allowances for

disbursements and payments properly made by him therefrom. It appeared upon this reference that Quinlan had received as proceeds of the trust estate created by Roche considerable sums of money, and paid therefrom to fifteen creditors of the bank in the aggregate the sum of $14,548.15, and to the public administrator also a creditor of the bank the sum of $32,500. It also appeared that the public administrator and so many of the fifteen creditors as represented $12,606.73, part of the $14,548.15, knew of the provisions of the trust created by Roche, and signified their assent thereto by becoming parties to the deed creating it.

The referee in stating the receiver's account credited him with the money so paid — but at the same time found and declared that it was derived from the trust property placed in his hands by Roche, and that it was received by him as Roche's trustee; but as to the $14,548.15, found that he drew certain moneys from himself as receiver which he intended should be and which the referee finds were restitution and payment for the money so paid out of the trust fund. To these findings and credits the creditors of the institution excepted. Upon the hearing before the Special Term the exceptions were sustained and the sums of $32,500 and $14,548.15 were added to the amount found due from the receiver. The surety of the receiver appealed to the General Term, where, after correcting an error in computation, the decision of the Special Term was affirmed. No other result could have been reached except by disregarding all just principles which regulate the rights of property. The money so paid was not derived from the property of the bank — the bank was not entitled to it, nor were its creditors. Nor did it pay any debt — for as between Roche, the creditors and Quinlan, the debts held by the creditors who received the money must be deemed still outstanding. It is true that Quinlan did not take subrogation receipts — a formal assignment of the claim paid, as he should have done, but this omission on his part cannot confer upon him, or his surety, any additional right, or put either of them in

a position in any respect different from what it would have been if Quinlan had performed his duty.  As it was, the money derived from the trust estate was converted into a claim against the bank to the same extent and with the same effect as if a writing had been taken by Quinlan, as by the terms of the trust there should have been.  The intention to make restitution was never executed, and there is therefore no difference between the two sums — both were properly disallowed.  Nor was it necessary that Mr. Roche, or the co-trustees of Quinlan, should be parties to the accounting.  The evidence before the referee showed that the two items had nothing to do with the matter before him ; and when this appeared affirmatively, it was his duty to reject all claims for their allowance.  The question before him concerned the receiver only — and it was enough that the receiver could not have the benefit of such payments, — and this, not because the payments were wrongful, or because the equity of Roche was greater than that of the surety of the receiver, but because the payments were not made out of any property which came into his hands as receiver, or out of his own money or property.  No conflicting rights were to be determined.  It was undisputed that the money was derived from the Roche trust, and that the debts upon which the money was applied were not to be canceled ; so far then as Quinlan as receiver is concerned they were still outstanding.  Therefore the cases *Langley* v. *Warner* (3 N. Y. 327) and *Amidon* v. *Wheeler* (3 Hill, 137), cited by the learned counsel for appellant, seem to have no application ; they would be in point if this proceeding was an action to recover back from the creditors the money paid to them.  It is also urged in behalf of the appellant that there should be credited to the receiver a certain sum of $13,081.32 derived from the assets of the bank, but apparently credited to the Roche trust fund.  The item appears in the receiver's account as stated by the referee, and is charged to him under date of May 22, 1874.  The receiver took many exceptions to the report of the referee, but did

not except to this item. It was however excepted to by the creditors of the bank, who claimed that it was never withdrawn from the Roche trustee account, but was to be applied in restitution for the money paid the fifteen creditors above referred to ; but the exception was overruled by the Special Term, and from its decision in this respect no appeal was taken. Both parties must be deemed therefore to have acquiesced in the conclusion. I have however examined the evidence but can find nothing which would permit the receiver to have credit for that item.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.