By the Court.
O’Gorman, J.
(After stating the facts.)—The plaintiff contends that he should be held liable only in his official capacity, as receiver, and only to the extent of any money that may have come into his hands as receiver, and that the order should be modified accordingly.
The Code provides, in § 1323, that when a final judgment 03* order' is reversed or modified upon appeal, the appellate court, or the general term of the same court, may make or compel restitution of property, &c.
On the modification by the court of appeals of their first judgment against the defendants, a motion for restitution was made there and denied, the court expressing doubt as to its power, and referring the question to the superior court, as having undoubted jurisdiction ovér the execution, on which the money was paid, and over .the receiver, who was its officer.
The granting or denying the motion was within the judicial discretion of this court (Marvin v. Brewster, &c. Co. 56 N. Y. 671). The plaintiff was duly appointed receiver by order of this court, and commenced and prosecuted this action against the defendant by order of this court. He never personally received any of the money of which restitution is claimed. It was paid over by the sheriff to the plaintiff’s attorney, and the amount was composed largely of disbursements made by the attorney himself, in addition to his taxed costs, for which the attorney would have a valid claim against the receiver personally.
This money, therefore, thus paid to .the receiver’s attorney, was in effect, as if it had been first paid to the receiver himself, and by him paid to his attorney in satisfaction or reduction of the attorney’s claim against the receiver individually, for professional services rendered in the litigation (Langley v. Warner, 3 N. Y. 327).
*387 As this payment made by defendant, so far inured to the receiver’s benefit personally,- it is but just that he should be held personally responsible for its repayment.
The order appealed from is, therefore, affirmed, with costs, except in so far as it holds the defendant’s attorney liable to repay the costs or any part thereof, and in that respect the order appealed from is reversed, without costs.
Sedg-wiok, Oh. J., concurred.