### GRAUER *v.* GRAUER.

(*Common Pleas of New York City and County, General Term.* December 5, 1892.)

1. RESTITUTION ON APPEAL—COUNSEL FEES.

    Where application is made for the restitution of counsel fees in a divorce suit on the reversal of an order therefor in favor of plaintiff, notice of the application must be given to plaintiff.

2. SAME—PAYMENT TO ATTORNEYS.

Payment of the counsel fees under the order to plaintiff's attorneys is, in legal effect, payment to plaintiff.

Appeal from special term.

Action by Grace Grauer against Frank Grauer. Upon a reversal of an order awarding plaintiff counsel fees, defendant applies for restitution of such fees. Application denied.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Mr. Truax,* for the application. *Mr. Kennison,* opposed.

PRYOR, J. The wife sued the husband for a divorce. The husband counterclaimed for a judicial separation, and in the action an order was made awarding the plaintiff $150 counsel fee. On appeal to the general term the order was reversed, because the moving papers showed no ground for it. Upon the order of reversal the defendant now applies to the court for restitution of the counsel fee. It appears that no notice of the motion has been served on the plaintiff, and that the counsel fee has been partly expended for her benefit in the prosecution of the action and in resistance to the counterclaim. The action was tried, and resulted in a dismissal of the complaint on the plaintiff's own case, but this not until she had given evidence in opposition to the counterclaim. The decree denies a divorce to the plaintiff, without adjudicating the counterclaim, the benefit of which it reserves to the defendant in a future action. The question whether, in an action for divorce, the defendant husband may ever claim restitution of a counsel fee paid under order of court, we need not now decide, because, upon the facts apparent on the application, no case is presented for such restitution. The counsel fee, no matter to whom actually delivered, was, in legal effect, paid to the wife, and a restitution of it would be restitution by her. Cases *infra.* But she has had no notice of this motion, and, without her day in court, she cannot be compelled to pay money for any purpose. The legal effect being that the wife received the money and disbursed it to her attorneys upon their retainer, they are under no obligation to return it. *Langley* v. *Warner,* 3 N. Y. 327; *Wright* v. *Nostrand,* 53 N. Y. Super. Ct. Rep. 381. The services of the attorneys of the wife, in recompense of which the counsel fee was allowed, were rendered, not merely in prosecution of her suit for divorce, but in defense of the husband's cross suit for judicial separation, and that has not been determined. Upon the whole, we are clearly of opinion that no case for restitution is made; not against the wife, because she is not a party to the proceeding; not against her attorneys, because, in legal contemplation, they have been paid no money by the applicant. But, if they have, no legal duty rests upon them to restore it. Application denied, but without costs, as it was perferred on the suggestion of the court. All concur.