In the Matter of the Application of JOSIAH J. WHITE, as Guardian of the Person of FREDERIC HALL WHITE, an Infant, for Funds.

THE LONG ISLAND LOAN AND TRUST COMPANY, as Guardian of the Property of FREDERIC HALL WHITE, an Infant, Appellant; ALFRED R. PAGE, Respondent.

*Ex* parte *order obtained by a guardian of an infant's person directing the guardian of his property to pay over money to an attorney for services — when the attorney will not be compelled to make restitution although the order has been reversed.*

Josiah J. White, the guardian of an infant's person, obtained an *ex parte* order directing the guardian of the infant's property to pay $100 to one Page, an attorney, for services to be rendered by the attorney in settling estates in which the infant was interested.

The guardian of the infant's property made a motion to vacate the *ex parte* order, and took an appeal from the order denying its motion. During the pendency of the appeal it paid the $100 to Page. On the appeal the Appellate Division vacated the order directing the payment to Page, with leave to the guardian of the person to renew the motion upon proper papers and notice.

Page, who had rendered the services which he was employed to render, then requested the guardian of the infant's person to renew the motion, but the latter refused to do so.

The guardian of the infant's property thereupon made a motion to compel Page to make restitution of the $100.

*Held*, that the motion was properly denied.

APPEAL by The Long Island Loan and Trust Company, as guardian of the property of Frederic Hall White, an infant, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 30th day of January, 1903, denying a motion made by the said company to compel restitution by Alfred R. Page.

*George S. Ingraham*, for the appellant.

*Alfred R. Page*, respondent, in person.

HOOKER, J.:

Josiah J. White, the guardian of the person of Frederic Hall White, an infant, acting as attorney in person, on April 30, 1902, petitioned the court for an order directing the Long Island Loan and Trust Company, the guardian of the property of the said infant, to pay to Alfred R. Page the sum of $100, as compensation for the conduct of negotiations for the settlement of certain estates and properties in which the infant has an interest and to counsel and advice upon other matters of the infant's concern. This application was made by White *ex parte*, and the guardian of the property had no notice thereof. The application was granted, and said White was authorized to employ Page and the trust company ordered to pay the $100. Before payment was made the guardian of the property moved to vacate the order directing the payment of the money to Page, and the motion was denied at Special Term. An appeal was taken, but no stay procured, and before the decision of the appeal the money was paid over by the trust company to

Page, pursuant to the terms of the original order. This court reversed the order denying the motion to vacate, without prejudice, however, to a renewal of the application by the respondent upon proper papers and upon notice. (*Matter of White*, 75 App. Div. 619.) Page has rendered the services mentioned in the original petition of Josiah J. White, and although a demand has been made for a return of the $100 refuses to comply with the demand. The proofs show that he has demanded that Josiah J. White renew the motion he originally made, but White declines to do so. In this condition of the controversy the trust company moved for an order directing the repayment by Page of the sum of $100 paid to him pursuant to the original order. The Special Term denied the motion, the learned justice saying : "I am referred to no authority for the motion and know of none. Motion denied, with $10 costs." The trust company appeals to this court.

It does not appear that Page had anything to do with the original proceeding until after the order was made directing payment of $100 to him as a retainer to perform services for Josiah J. White as guardian of the person of the infant. We think the Special Term took the correct view of this case. While it may be true that the guardian of the property was the proper person to conduct negotiations in behalf of the estate of the infant, it is undisputed that White as guardian of the person conceived that he had a duty to perform in connection with that estate which would require the services of an attorney, and upon that supposition he procured an order allowing him to retain an attorney and providing for the payment. We do not think that the mere fact that the order required the payment of the money to Page, the attorney, is sufficient to distinguish the case from *Langley* v. *Warner* (3 N. Y. 327); *Butcher* v. *Henning* (90 Hun, 565); *Simpson* v. *Hornbeck* (3 Lans. 53); *Grauer* v. *Grauer* (2 Misc. Rep. 98; 20 N. Y. Supp. 854; 49 N. Y. St. Repr. 354); *Wright* v. *Nostrand* (53 N. Y. Super. Ct. 381). These cases settle the rule that where a judgment in plaintiff's favor has been recovered in an action and money paid to the plaintiff's attorney, an action will not lie, upon reversal of a judgment, against the attorney to recover the money which he had retained, pursuant to an agreement between himself and client, in payment of a debt due him from his client. The retainer of Page

by White is sufficiently shown in the record to render the rule laid down in these cases applicable to this appeal.

The order should be affirmed, with ten dollars costs and disbursements.

GOODRICH, P. J., BARTLETT, WOODWARD and HIRSCHBERG, JJ. concurred.

Order affirmed, with ten dollars costs and disbursements.