ALBANY,<br>
Feb. 1832.<br>
Colvard<br>
v.<br>
Oliver.

---

## COLVARD vs. OLIVER and others.

### SAME vs. STILES.

A *party in interest* in a suit, prosecuting in the name of another, will, on the application of such *nominal party* or *party to the record*, be directed by rule of court to pay the costs adjudged in the suit against the party to the record.

COSTS against *party in interest.* Colvard was sheriff of Albany, and one of his deputies, by virtue of an execution in favor of Sager and Chesebrough, against one Clark, levied on the property of Clark. After the levy, Oliver and his associates, the defendants in one of the above causes, and Stiles, the defendant in the other cause, took away the property levied upon; whereupon Sager and Chesebrough, the plaintiffs in the execution, and the deputy sheriff, employed an attorney to commence suits in *replevin*, in the name of Colvard, the sheriff. A claim of property was interposed, and an inquiry instituted by the coroner who had the writs of replevin, and at the time of the holding of the inquisition, Sager, one of the plaintiffs in the execution, settled, or agreed to settle the suit against Stiles. Sager and Cleveland were the sureties in the replevin bonds, and in several motions relative to the suits, avowed that they had an interest in them. Judgments of non-pros were obtained in those suits, costs awarded, and executions for the amount issued against Colvard, who, about the time of the issuing thereof, died. A motion is now made in behalf of his administratrix, that Sager and Chesebrough pay the amount of those costs, notice of the application having been given to them.

February 23.

VOL. VII. 63

*A. Taber,* for the motion.

*S. Cheever,* contra.

*By the Court,* SAVAGE, Ch. J.   It is evident that Sager and Chesebrough were the real parties in the replevin suits. The sheriff had levied on the property of Clark, and it was his duty to sell it, and render the avails to the plaintiffs in the execution; but the goods were taken from him by other persons. Whether it was his duty to have brought a replevin himself, without an indemnity, need not be here decided, for the parties in interest undertook themselves to do it with the deputy's consent.  In general, where there is a mere claim of property by a third person, it is proper for the sheriff to call a jury of inquiry; here the suits were brought, it seems, by the advice of Sager and Chesebrough, and upon a claim of property, an inquiry was instituted by the coroner, at which Sager settled, or agreed to settle the suit with Stiles, and about this time a bond of indemnity was executed by Sager and Chesebrough.  There can be no reasonable doubt, therefore, that they assumed the management of the causes, and they should be at their risk.  Had an application been made by the defendants in the suit that Sager and Chesebrough pay the costs, it would be but ordinary practice to grant it.  The same practice has been adopted where the application comes from the nominal plaintiff.  The principle is the same; it is this: that the *party in interest* shall he treated as the *real party* in the cause, and shall not be screened from responsibility in a summary way, by using the name of another as party to the record.  These suits were necessarily brought in the name of the sheriff for the benefit of Sager and Chesebrough, and they must pay the amount for which the sheriff was made liable.

Motion granted with costs.