## Miller *vs.* Franklin.

A party who takes an assignment of a verdict from the plaintiff in a cause, during the pendency of a motion for a new trial, as collateral security for the payment of a debt and for responsibilities assumed, and a new trial is subsequently granted and judgment as in case of non-suit afterwards obtained by the defendant for the neglect of the plaintiff to bring the cause to trial, *the assignee is not liable to the costs of the defence* if after the assignment he takes no part in the prosecution of the suit, and even if he does, *it seems* he would not be liable.   *It seems*, had the plaintiff on the record retained no interest whatever in the subject matter of the assignment, that the assignee would have been held liable.

Motion by the defendant that *Nathan Randall* pay the costs of this action, on the ground that he was the *assignee* of the demand for the recovery of which the suit was prosecuted, judgment having been rendered for the defendant for costs amounting to $518.91.   The action was brought by the plaintiff against the defendant as sheriff of Chenango, to recover a penalty of $250, for making deliverance in an action of replevin after a claim of property, without first trying the right.   The cause was tried in May, 1834, and a verdict found for the plaintiff for the penalty. The circuit judge refused a new trial, and judgment for the plaintiff was perfected on the verdict.   The case then came before this court on appeal from the circuit judge, and a new trial was ordered at May term, 1837.   The cause was afterwards three

Miller *v.* Franklin.

times noticed for trial, but not tried, and in June, 1839, the defendant obtained a judgment as in case of nonsuit.

On the 7th February, 1837, after the case had been argued in this court and before the decision, the plaintiff made an assignment of the claim to *Randall* by a writing, which, after entitling the suit, was as follows : " Verdict for $250 in May, 1834, for plaintiff, case made by defendant, and decded by Judge Monell in favor of the plaintiff—carried to supreme court by defendant—yet undecided. In consideration of the sum of two hundred and fifty dollars to me paid by Nathan Randall, I hereby assign and transfer to him all my right, claim or interest in the above verdict and judgment. February 7, 1837. *Albert Miller.*"

Miller was indebted to Randall, and had been called on to pay or give security. Randall had also endorsed a note for Miller, which he afterwards had to pay. The assignment was made by way of *security*, the avails, if any, to be applied to Miller's debt and the liability of Randall as endorser. It was understood at the time that Randall was to have nothing to do with the further prosecution of the suit, and that he was not in any way to be liable for costs. Randall did not in fact take any part whatever in the subsequent prosecution of the suit ; but on the contrary, when the plaintiff's attorney called on him for that purpose, (the plaintiff himself being absent) he refused to take any charge or have any thing to do with the suit.

On one occasion the circuit judge refused to try the cause on the ground that Randall, who was his relative, was assignee of the claim. The defendant's attorney wrote a letter to Randall mentioning this fact, and enquiring how they should get the cause tried, and asking on what terms R. would settle the suit. In January, 1838, Randall wrote an answer, saying if the judge would not try the suit, he was willing to change the venue to another connty, though his interest was such that the judge might try it. He added, that he should be a loser by Miller if he got the whole, but he would assign or cancel the judgment, if he had the power to do so, for $200. This was the only thing that Randall ever did in relation to the prosecution of the suit.

*J. Edwards & A. Taber*, for the motion.

*M. T. Reynolds*, contra.

*By the Court*, BRONSON, J. When one man, as assignee or as beneficially interested in the demand, brings an action in the name of another, he is liable for the costs which may be adjudged to the defendant ; and is also bound to indemnify the plaintiff on record. 2 *R. S.* 619, § 44. 20 *Johns. R.* 475. 2 *Cowen*, 460. 18 *Wendell*, 672. 7 *Id.* 457. An assignee is liable to the defendant for costs, although the assignment is made pending the suit, if he afterwards proceeds in the action, *Schoolcraft v. Lathrop*, 5 *Cowen*, 17 ; and in such a case he takes the demand *cum onere*, and is liable for the costs which had accrued *before*, as well as those which may arise *after* the assignment. *Jordan* v. *Sherwood*, 10 *Wendell*, 622. But the mere fact of taking an assignment pending the action, will not, I think, make the assignee liable, unless he afterwards carries on the suit. What will amount to a prosecution of the suit, may sometimes be a debatable question. If the assignment is absolute, so that the plaintiff on record no longer has any interest, it cannot be necessary to prove that the assignee was actively engaged in the further progress of the litigation ; it will be enough to show that he knowingly suffered the suit to proceed for his benefit.

In this case, the assignment, though absolute in terms, was taken by way of collateral security for the debt due to Randall, and as an indemnity against his liability as endorser for the plaintiff. It was expressly understood at the time that Randall was not to be answerable for the costs, or to have any thing to do with the suit ; but if anything was obtained, he was to apply the money to the liquidation of his claims against the plaintiff. Randall would be liable to account to the plaintiff for the money which he might receive, and to pay over any surplus that might remain after satisfying his demands. The transaction amounted to little more than an order for the payment of any money that might be collected. A recovery in the action would increase

the security of Randall ; but that was all the interest he had in the matter. The interest of the plaintiff on record was just as great after, as it was before the assignment. It was still his suit, and was, in effect, carried on for his benefit. Under such circumstances we think the assignee is not liable to the defendant for costs ; that he would not be liable, even if he had co-operated with the plaintiff or his attorneys, in carrying on the suit. But that Randall has not done. The letter he wrote in answer to one received from the defendant's attorney, is not inconsistent with the account which he now gives of the transaction ; and upon the most material points he is supported by the affidavits of other persons. The statement of the plaintiff Miller is not only denied by Randall and a third person, but it is contradicted by the assignment itself. It is of no importance that Miller was away while the suit progressed. It was carried on by his attorneys, and for his benefit. When Randall was applied to by one of the plaintiff's attorneys, he refused to take the charge, or to have anything to do with the suit. It is impossible, under such circumstances, to hold him liable for costs.

Motion denied.