By the Courts Cowen, J.
Looking through the evidence, I am inclined, on the whole, to give the transaction in regard to the assignment about the same legal effect as Berringer claims for it in his affidavit. Staats, who was made the nominal assignee for the benefit of Gourlay, absolutely refused to ‘accept the assignment; and I do not see how any interest passed beyond what Berringer took under it. for the purpose of securing his $120. It is true, the assignment was absolute on its face; but Berringer says it was not intended with regard to him, as any thing more than the creation of a lien to secure his claim. The demand of the -plaintiff against Cooper was considered a large one;. and the assignment as to Gourlay utterly failing of any effect by the refusal of Staats, it would have been *632 inequitable, had the whole claim been recovered, to say that Berringer should have taken the whole. The assignment certainly could not have been understood, as between Berringer and Gourlay, to mean what it imports on its face—the absolute conveyance of the whole claim against Cooper in equal moieties to them, while their demands against the plaintiff were so very unequal. It must, as between them, have been intended to apportion the avails according to the amount of their respective claims. It was doubtless also intended that any amount over and above both, should be refunded to the plaintiff; and as it turned out that the assignment for Gourlay’s benefit was frustrated, it cannot, with any color of propriety, be considered as in effect creating any thing more than a mere lien for Berringer’s benefit, he to hold the balance over and above his claim as a trustee for the plaintiff. The assignment, although absolute and under seal, may yet be shown by parol to have been a mere mortgage or collateral security. This has often been holden in respect to a deed conveying lands and choses in possession ; and in Miller v. Franklin, (20 Wendell, 630,) the same thing in principle was allowed in respect to an absolute assignment of a chose in action.
The assignment thus enuring as a mere lien in the hands of Berringer, and taking it that he brought the suit, is he liable to pay the defendant’s costs? The statute makes not only the simple assignee liable, (and vid. Norton v. Rich, 20 John. R. 475, Schoolcraft v. Lathrop, 5 Cowen, 17,) but “ any person beneficially interested in the recovery in such action.” (2 R. S. 515, 2d ed. § 47.) These terms, I am of opinion, extend to every person who holds an interest by way of mortgage or lien in the chose in action. A person may be so liable in consequence of being beneficially interested as a cestui que trust, without being either a partial or total assignee; (Colvard v. Oliver, 7 Wend. 497;) and the' clause cited from the statute might be satisfied by stopping there. The ordinary import of the words, however, I think takes in every such vested interest as the courts of law will protect against the interference of *633 the nominal party. And it has long been settled that they will so protect a mere lien. (Martin v. Hawks, 15 John. R. 405.) I do not perceive any thing in Miller v. Franklin,, which is incompatible with such a construction. The allowing of assignees to go free, because the general interest may not be in them, would enable them so to frame the contract of assignment as to evade liability for costs; while, i by prosecuting and maintaining the suit, they can acquire all the substantial benefit of an absolute assignment.
Thus there is no material difference between the effect- of Berringer’s interest, whether we take it as he would have it, or as the defendant seeks to infer it from his affidavits.
Then, did Berringer bring this suit, within the meaning of •the statute? The bringing of a suit, may be by retaining an attorney for the purpose, either alone or in conjunction with others, or recognizing a retainer made by an assumed agent, or actually engaging to defray the expenses of the nominal plaintiff retaining an attorney in his own name,he alone being liable to the attorney in the first instance. But in the attempt thus to identify Berringer with this suit, the affidavits on the side of the defendant are far from being distinct, not excepting that of Whitney. The amount of one affidavit (Dr. Staats’) is, that Berringer being, urged to discontinue the suit, persisted in carrying it on, and in. proceeding therewith. Another, (Gourlay’s,) that Berringer accepted the assignment, and admitted that he had advanced money to carry on the suit, and he was present at the hearing before the referees. Mr. Hilton deposes also that* Berringer was present before the referees, and appeared to take an active part in the prosecution.
What acts took place; or what declarations were made, which amounted in Dr. Staats’ mind to a persisting in and carrying on of the suit? I lay nut of view any general declarations by Berringer that he was assignee, and that the suit was brought for his and Gourlay’s benefit; for they do not exclude the agency of Whitney as the real party, nor are they incompatible with Berringer’s being a mere *634 anxious inquirer into the prospects of the prosecution, on account of his lien. Indeed, the proof adduced by the defendant is throughout very general, not to say equivocal; while on the other hand, it is positively denied by Berringer that he took any part in carrying on the suit, except in the loan to Whitney of the §17, to pay costs. Ke denies that he was present at the reference, except for a part of the time, and then merely as a spectator. That portion of his acts and general declarations ■.which are spoken to the most strongly, is not only put forward in general terms, but is spoken to by witnesses who themselves stand prima facie liable for the costs ; and so, interested to bring in Berringer to the relief of themselves, while the imperfect manner in which he speaks English detracts still more from the force of such evidence.'
Whitnéy, the plaintiff, is unable to say any thing more than that Berringer ordered the suit to be brought, and gave directions. That he retained the attorney, the plaintiff does not say; and he also is interested in bringing the costs upon Berringer. The plaintiff is insolvent, but if Berringer can be fixed, it will at least save the plaintiff much trouble, and probably be equal to his entire discharge. Berringer himself denies that he retained the attorney, of ever did any act which can amount to a bringing of a suit within the meaning of the statute. What words the plaintiff considers an order to bring the suit, or to whom they were addressed; whether they might not have .been a mere request to the plaintiff that he would bring the suit at his own expense, he does not say, Berringer testifies that * the plaintiff was the man who retained the attorney and conducted the suit. -
By the affidavit of Kingsley, it appears that the plaintiff was himself the active man; that he retained the attorney, and was decidedly busy throughout in conducting the suit. Kingsley also confirms Berringer, that his presence at the reference was rather as a spectator than a party. The plaintiff admitted to Kingsley that the money advanced by Berringer was to pay the costs of adjourning the reference at the plaintiff’s instance.
*635 That a person having a lien for his debt on a chose in action, occasionally inquires as to its progress of the attorney who holds it for prosecution, admits himsélf to be interested, and advises and urges the suit, are not of themselves enough to charge him with the defendant’s costs.
■ On the whole, it is not to be denied that the defendant had much color for making this application; but he has not established ’that clear and satisfactory case upon which I feel warranted in charging Berringer, against his absolute denial of all liability, and the circumstances by which his denial is fortified.
Motion denied, without costs.