By the Court,

Bronson, Ch. J.
Although there may have been a common feeling between the parties to the record in *205 favor of defeating the .action, there is no proof that they did any improper act to bripg about that result. This, then, is substantially the common case .of one man suing for his own benefit in the name of another, whp, ip case he is defeated, must pay the defendant’s costs. The statute gives the remedy by attachment not only against “ an assignee,” but against any person beneficially interested in the recovery in such action.” (2 R. S. 619, § 44; Colvard v. Oliver, 7 Wend. 497.) (a) Jt is true that the defendant has a remedy against Watson, the receiver and assignee; but he also has a remedy against Percy, the person “ beneficially interested,” and for whose benefit, and by whose direction, the suit was commenced and prosecuted. And Percy, rather than Watson, is the person who ought to pay the costs.
Motion granted.

 The rule was the game, it seems, before the statute. (See Norton v. Rich, 20 Johns. Rep. 475; Waring v. Baret, 2 Cowen’s Rep. 460; Schoolcraft v. Lathrop, 5 id. 17; Hopkins v. Banks, 7 id. 650, 653; Canby v. Ridgway, 1 Binn. Rep. 496; Miller v. Adsit, 18 Wend. 674.)
As to the circumstances which will render one chargeable with having brovght the action, and who may be deemed an assignee or person beneficially interested, within the meaning of the statute, and the previous rule on this subject, see Whitney v. Cooper, (1 Hill, 629;) M’Hench v. M’Hench, (reported in the text;) Miller v. Franklin, (20 Wend. 630, 632;) Bendernagle v. Cocks, (19 id. 151;) Miller v. Adsit, (18 id. 672, 674;) Jordan v. Sherwood, (10 id. 622;) Colvard v. Oliver, (7 id. 497;) Norton v. Rich, (20 Johns. R. 475;) Waring v. Baret, (2 Cowen’s Rep. 460;) Schoolcraft v. Lathrop, (5 id. 17.)
The right of applying to enforce the liability has usually been exercised by the defendant in the action, though the nominal plaintiff has also been allowed to move. (Colvard v. Oliver, 7 Wend. 497.)
In Norton v. Rich, (20 Johns. R. 475,) there was a rule for an attachment against the assignee in the first instance; it appearing that the taxed bill had been demanded of him. (See also Waring v. Baret, 2 Cowen, 460, 1, and note (a.))
A party defending in the name of another cannot be made liable to the plaintiff for costs; and this rule applies as well to the case of a landlord defending an ejectment brought against his tenant, as to other cases. (Ryers v. Hedges, 1 Hill, 646; Livingston v. Clements, id. 648; Miller v. Adsit, 18 Wend. 672.)