## J. Franklin Peck, Appellant, *v.* Theodore D. Yorks et al., Respondents.

An assignment of a cause of action, made simply as collateral to an indebtedness of the assignor to the assignee, is not such a transfer as makes the assignee liable for costs under the provision of the Code (Old Code, § 321), declaring that when, after the commencement of an action, the cause of action by assignment or otherwise becomes the property of a person not a party to the action, such person shall be liable for costs; it is not a transfer of the absolute property within the meaning of said provision.

(Argued November 26, 1878; decided December 10, 1878.)

Appeal from order of the General Term of the Supreme Court, in the fourth judicial department, affirming an order of Special Term requiring William J. Dounce, as assignee of the cause of action herein, to pay defendant's costs.

This action was brought to enforce the collection of four judgments held by plaintiff against defendant York, out of certain property alleged to have been transferred to the other defendants in fraud of the creditors of said York, and to be held by them for his benefit.

The further facts appear in the opinion.

*E. Countryman*, for appellant. The assignee of a cause of action pending a litigation, who takes it as collateral security for the debt of the assignor, is not liable for the costs. (*Miller* v. *Randall*, 20 Wend., 630; *Wolcott* v. *Hol-*

*comb*, 31 N. Y., 125, 129, 130, 139; *Dowling* v. *Bucking*, 52 id., 658; S. C., 15 Abb. [N. S.], 190; *Whiting* v. *Cooper*, 1 Hill, 629; *Miller* v. *Franklin*, 20 Wend., 630.) Such an assignment would not be such a transfer of the absolute property as is contemplated by section 321 of the Code of Procedure. (2 Burr. Law Dict., 346; 2 Bouv. Law Dict., 394; ·2 Black. Com., 2; *Jackson* v. *Hausel*, 17 Johns., 281, 283; *Stief* v. *Hart*, 1 N. Y., 20, 24; *Wynehamer* v. *People*, 13 id., 378–396; *Wolcott* v. *Holcomb*, 31 id., 125–130; *Dowling* v. *Bucking*, 52 id., 658; S. C., 15 Abb. [N. S.], 190.)

*Geo. F. Danforth*, for respondent. The appellant both as assignee and owner of the cause of action, and as one beneficially interested in the recovery, is liable for the costs. (*Grant* v. *Tallman*, 20 N. Y., 194; *Nelson* v. *Edwards*, 40 Barb., 279; *Harris* v. *Schultz*, 40 id., 315; *Voorhees* v. *McCartney*, 51 N. Y., 387; *Giles* v. *Hulbert*, 12 id., 32; *Bliss* v. *Otis*, 1 Denio, 656 ; *Whitney* v. *Cooper*, 1 Hill, 629; *Jordan* v. *Sherwood*, 10 Wend., 622; *Schoolcraft* v *Lathrop*, 2 Cowen, 17; *Farmers' Loan and Trust Co.* v. *Kernoch*, 5 N. Y., 558.)

MILLER, J. This action was commenced in 1861 ; and in the month of September, 1867, the plaintiff, having become indebted to one Dounce, for advances made by him, to the amount of $1,700, and other loans being in contemplation, assigned to said Dounce four several judgments mentioned in the complaint and also another one. The affidavit of Dounce, in opposition to the motion made to compel him to pay the costs of defending this action, contains a copy of the assignment by the plaintiff of the judgment not mentioned in the complaint, which provides that it is to be held by Dounce "as collateral security for any advances made to me by him ;" and it is further stated in the affidavit, that "the other judgments set out in the complaint were also thereafter assigned to Dounce, as collateral security for said advances." The plaintiff also swears that the judgments

were assigned as collateral, as he recollects, in the absence of his papers, and that he did not intend, nor was it understood, that he had conveyed any ownership or title. Dounce also swears that he required the plaintiff to employ one Ward, whom he had employed in various matters, as counsel to conduct the trial, as one condition of advancing the money, but he gave no personal attention to the action or the trial thereof; and that he did not employ or pay or agree to pay said Ward. The plaintiff's affidavit corroborates Dounce's statement, and shows that the plaintiff had the entire charge and conduct of the suit with his counsel, and Dounce never took any active part in the conduct of the suit. These allegations fully meet, I think, the affidavit of Ward, made on a previous occasion,— a copy of which is introduced in the moving papers,— which states that he was the attorney of the assignee of the plaintiff's claim, and are a sufficient explanation, without an explicit denial, in so many words, of the averments made as to plaintiff's interest in the action and judgments assigned, as well as other allegations which, it is claimed, show that Dounce was the absolute owner of the judgments. Nor does the language of the re-assignment, in which Dounce is described as the assignee of the plaintiff, conflict with the version given by Dounce and the plaintiff of the relationship which Dounce occupied in the transfer of the judgments to him. And the fact that after a judgment was entered against the plaintiff, prior to March, 1871, the plaintiff paid Dounce for his loans and advances, and Dounce re-assigned to plaintiff, is not in conflict with the position that Dounce was not an unqualified assignee.

Upon the whole facts presented by the motion papers, it may be assumed, I think, that Dounce held the judgments as collateral to his claim against the plaintiff; and if he is liable for the costs incurred by the defendants, it must be upon that ground, and not as the absolute owner of the judgments. In fact, the motion appears to have been decided at Special Term, in part, upon this very ground. I cannot concur in this view; and although some of the cases hold

that the assignee of a chose in action as collateral can enforce the payment of it by an action in his own name, (see *Nelson* v. *Edwards*, 40 Barb., 279; *Grant* v. *Tallman*, 20 N. Y., 191) yet I do not understand that they uphold the doctrine that absolute ownership is thereby conferred. Nor does section 321 of the Code bear the construction placed upon it at Special Term, that an assignment of a cause of action, even if collateral, is an absolute transfer of the same, so that it becomes the property of the assignee, and he thereby becomes liable for the costs of prosecuting the same. A creditor who holds securities as collateral may always enforce them, for his own benefit, by an action ; and it does not rest with the defendant therein to question whether the transfer was merely colorable, or whether any consideration was paid for the same : (*Sheridan* v. *The Mayor*, 68 N. Y., 30.) The fact then that Dounce might have prosecuted the action against the defendants, as assignee, or have been substituted in the plaintiff's place, does not affect the question as to his liability for costs, as the cases hold that an assignment of a claim as collateral security is not such a transfer of the absolute property as renders the assignee liable for costs : (*Miller* v. *Franklin*, 20 Wend., 630; *Wolcott* v. *Holcomb*, 31 N. Y., 125; *In re Dowling* v. *Bucking*, 52 id., 658.) In *Miller* v. *Franklin*, (*supra*), this doctrine is distinctly laid down by DENIO, Ch. J., and although the case may have been disposed of upon other grounds, the remarks on the subject were pertinent to the question considered and a correct statement of the law at the time ; for, as we have seen, the Code was not broad enough to change the rule which had been previously established. In *In re Dowling* v. *Bucking*, (*supra*), the rule is distinctly stated, that an assignee is not liable where the assignment was simply as collateral security, on the authority of the case last above cited.

These authorities settle the question ; and the order of the Special Term cannot be sustained without establishing a new and a different rule. This, I think, should not be done ;

and the doctrine should be upheld, that an assignee, pending a litigation, is not liable for costs where the assignment is merely collateral.   If the assignment is absolute, it is immaterial whether he takes any part in the prosecution of the action, as he is liable without that.   (See *In re Dowling* v. *Bucking* and *Wolcott* v. *Holcomb, supra.*)

The order of the Special and General Terms must be reversed ; and the motion should be denied.   As the question is not free from doubt, neither party should have costs as against the other.

All concur, except Folger and Hand, JJ., dissenting.

Ordered accordingly.