DAVIS & SCHENCK v. ALBERTO HIGGINS.

*Judgment for Cost Against Assignee.*

1. Section 539 of The Code does not apply to an assignment of the cause of action as collateral security for a continuing obligation;

2. Nor when the assignment is only of a *part* and not of the *whole* cause of action.

3. It applies when the assignee might, under §188 of The Code, be substituted for the original plaintiff.

PETITION by defendants to rehear, filed and tried at February Term, 1885, of Supreme Court.

No counsel for the plaintiffs.
*Messrs. Batchelor & Devereux* for the defendants.

SMITH, C. J.   The plaintiff commenced and prosecuted his suit to recover possession of the land mentioned in the complaint and damages for the withholding, until its termination in an adverse verdict, finding that he was not the owner.   Pending the action the plaintiff, in September, 1881, executed a quit-claim deed for the premises to B. G. Godin and John Hyams, who, with their wives, conveyed to Allan Schenck, a resident of New York.   In the Superior Court, on proof of these deeds and the employment of counsel by the latter, the defendant's costs were adjudged against him, and this ruling was reversed in this court because he was not a party to the action.   Application is now made for a reversal of this judgment and the affirmation of that rendered in the court below, as warranted by an overlooked statute, which is in these words:

"In actions in which the cause of action shall become by assignment, after the commencement of the action, or in any other manner, the property of a person not a party to the action, such person shall be liable for the costs in the same manner as if he were a party."   *Code*, sec. 539.

This enactment is supplemental to another provision, which in case of the transfer of the interest of a party during the progress of the action permits it to be "continued in the name of the original party," or the substitution of the assignee in his place. *Code*, sec. 188.

The construction of the statute so greatly innovating upon the settled previous rules of practice, and apparently subverting the principle that no personal judgment can be rendered against one not by proper process made a party to the action, has not been before the court, and we find but few adjudications upon its meaning and operation in the courts of the State from whose laws this statutory provision has been borrowed.   Cases have, however, been decided in those courts in which it is held that the assignments contemplated are only such as are absolute, and that such as are intended to be a collateral security only for a continuing obligation or claim are not within the purview of this act.

Thus it has been decided that an assignee could not be subjected to the payment of the costs incurred when the transfer was, as a collateral security, of a right to damages for an assault on the person of the assignor then in process of enforcement. *Wolcott* v. *Holcomb*, 31 N. Y., 125;—of judgments; *Peck* v. *Yorks*, 75 N. Y., 421;—of a demand under the mechanics' lien law. *In the matter of the lien of R. H. Dowling*, 52 N. Y., 658.

It was held further that the liability when incurred extends to costs before, as well as those occurring after the assignment. *In the matter of the lien of R. H. Dowling, supra.* The peculiar features appearing in the present case are:

(I). The suit having been conducted throughout *in forma pauperis*, no costs were recoverable of the plaintiff of record;

(II). The plaintiff's assignment was in the form of a quit-claim deed;

(III). The appellant is not the immediate assignee of the plaintiff, but the assignee of an assignee;

(IV). He is non-resident and not within the jurisdiction of the court;

(V). The entire cause of action is not transferred but only the land the subject-matter of it, and the fruits of a recovery, beyond that of possession, remain the property of the plaintiff.

These considerations embarrass in a greater or less degree the application of the statute to the case, and the shifting the burden of an unsuccessful prosecution from the plaintiff, or rather the imposition of one not before existing, upon the second assignee.

As a collateral assignment is outside of the statute, so according to one interpretation of its terms is a partial, as distinguished from a full assignment of the cause of action, not embraced in it. The action here is for the two-fold purpose of getting possession of the land and recovering a compensation in money for the alleged wrongful withholding of it. The first may inure to the benefit of the assignee, the damages to the assignor only. These are distinct and separate interests, and together constitute the cause of action. The right to all the fruits of a possible

recovery must pass to the assignee or the cause of action does not in its entirety become "the property of a person not a party to the action," since a portion of those fruits still remain to the plaintiff.

An illustration will render this clear. Suppose the action was one in trespass only, and the demand was for compensatory damages for the injury done to the land by the defendant's temporary use and occupation, and during its pendency the land was sold and conveyed to a stranger. This would not interfere with the prosecution of the suit, nor would the grantee become entitled to any part of the moneys recovered. In this case the cause of action would still reside undisturbed in the plaintiff and no part of it would pass with the title to the land. In no sense could the cause of action be considered as assigned, so as to admit of the substitution. In the present case the cause of action consists in the wrongful occupation and withholding by the defendant, and the damages sustained by the unlawful act. The land is the subject-matter of the action, and if a restoration of possession be deemed to enter into and form an element involved in the "cause of action," it is not transferred in its entirety by a transfer of an estate in the land, if indeed the title, remaining or conveyed, can in strictness be deemed a part of the cause of the action. But aside from this the statute manifestly looks to an assignment of the whole cause of action so that the assignee might be substituted in place of the assignor, having acquired all the latter's interest in the suit.

The question before us is as to the correctness of the ruling, when made, subjecting the appellant to the payment of the defendant's costs, nor can the effort to get rid of an erroneous judgment entered up without authority render it rightful and proper.

We must, therefore, deny the application, and affirm the judgment rendered upon the first hearing.

Affirmed.