MARY THORN, as Executrix, etc., of WILLIAM I. THORN, Deceased, Respondent, v. OLIVER T. BEARD, Appellant (PETER B. HAYT, Respondent).

*Action upon a claim assigned as collateral security — liability for costs.*

An assignment of a cause of action, merely as collateral security to an indebtedness of the assignor to the assignee, is not such a transfer as makes the assignee liable, under section 3247 of the Code of Civil Procedure, for costs in an action, to which he is not a party, brought upon such cause of action by his assignor.

A person who merely holds a cause of action as collateral security for the payment of a debt is not " beneficially interested therein," within the meaning of those words in section 3247.

APPEAL by the defendant, Oliver T. Beard, from an order made at a Special Term of the Supreme Court, and entered in the office of the clerk of Dutchess county on the 7th day of March, 1893, denying the defendant's motion to charge Peter B. Hayt with the costs and disbursements of the action.

*Oliver T. Beard*, appellant, in person.

*Hackett & Williams*, for Peter B. Hayt, respondent.

DYKMAN, J.:

William I. Thorn was a lawyer in the city of Poughkeepsie, and died on the 1st day of March, 1890.

Having performed professional services for the defendant, he assigned his claim therefor to Peter B. Hayt on the 3d day of January, 1888, as collateral security for an indebtedness to Hayt, and for certain contingent liability as indorser of notes.

In May, 1889, Thorn commenced this action against the defendant to recover such claim. He obtained a judgment against Beard, which was affirmed at the General Term, but reversed in the Court of Appeals. Mary Thorn was substituted as the plaintiff.

Upon the new trial after the reversal by the Court of Appeals, the defendant obtained a judgment for costs, and thereafter made a motion at the Special Term to compel Mr. Hayt to pay the costs, upon the ground that he was the party in interest for whose benefit the action had been prosecuted. The motion was denied and the defendant has appealed from the order of denial.

The appeal cannot prevail for the reason that an assignment of a cause of action as collateral security to an indebtedness of the assignor to the assignee is not such a transfer as makes the assignee liable for costs. (*Peck* v. *Yorks*, 75 N. Y. 421.) The order should be affirmed, with ten dollars costs and disbursements.

PRATT, J.:

Motion to make an assignee of a claim in suit pay costs.

It was held in the case of *Peck* v. *Yorks* (75 N. Y. 421), that an assignment of a cause of action made simply as collateral to an indebtedness of the assignor to the assignee is not such a transfer as makes the assignee liable for costs under the provisions of the old Code of Practice, section 321, and this rule has been adhered to ever since.

It is true the Code was re-enacted and amended by substituting section 3247 of the new Code of Procedure in place of section 321 of the old Code, yet in respect to this matter the latter section is not materially varied from the former.

This is so stated in the notes to section 3247 of the new Code. (See Banks Brothers' Annotated Code.)

The words "beneficially interested therein" mean one who takes the absolute title therein as transferee, and not a person who merely holds it as collateral security for the payment of a debt.

In this case it appears that Hoyt, the person against whom the relief was sought, was a holder of the claim in suit as collateral security for a debt due him from the plaintiff and in no other way was interested in said suit.

Order affirmed, with costs and disbursements.