WRIT OF PROHIBITION—PEREMPTORY AND ALTERNATIVE WRITS.

There is no merit in an appeal from an order granting a peremptory writ of prohibition to prevent a commitment to prison where no point is made that the case was not a proper one for the writ, or that the facts did not warrant it, but the only point is that it should have been an alternative writ, though there was a hearing on the merits on an order to show cause.

Appeal from special term, Westchester county.

Application for writ of prohibition on the relation of Daniel S. Toy against Alexander U. Mayer, as a commissioner of the superior court of Baltimore city, Md. From an order granting the same, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and PRATT, J.

Alexander U. Mayer, in pro. per.
David H. Hunt, for respondent.

PRATT, J. There is no merit in this appeal. The only point made is that a peremptory writ of prohibition was issued, instead of an alternative writ. No point is made that this was not a proper case for such writ, or that the facts did not warrant it, but only that an alternative writ should have been issued. A hearing upon the merits was had upon an order to show cause, which, in effect, fully answered the purpose of an alternative writ. The object of the proceeding was to prevent the defendant from oppressively and illegally committing the relator to prison; and the fact that it was called a "writ of prohibition" is not material so long as the decision was right upon the merits, and a proper result was accomplished. No object could have been served by issuing an alternative writ, as it appeared that only a question of law was involved, and a short cut was adopted to accomplish a just result. Order affirmed, with costs and disbursements.

---

(71 Hun, 112.)

## THORN v. BEARD.

(Supreme Court, General Term, Second Department. July 28, 1893.)

COSTS—LIABILITY OF ASSIGNEE OF CLAIM—ACTION BY ASSIGNOR.

An assignment of a claim as collateral to an indebtedness of the assignor to the assignee does not give the assignee such a beneficial interest that he may, under Code Civil Proc. § 3247, be ordered to pay the costs, where, in an action on the claim by the assignor, judgment for costs was rendered against him.

Appeal from special term, Dutchess county.

Action by Mary Thorn against Oliver T. Beard. Judgment for defendant for costs. From the denial of defendant's motion that Peter B. Hayt, to whom the claim sued on had been assigned as collateral security, should be ordered to pay the costs, defendant appeals. Affirmed.

Argued before DYKMAN and PRATT, JJ.

Oliver T. Beard, appellant in pro. per.

Hackett & Williams, for respondent Peter B. Hayt.

Wood & Morsehauser, for respondent Mary Thorn.

PRATT, J. Motion to make an assignee of a claim in suit pay costs. It was held in the case of Peck v. Yorks, 75 N. Y. 421, that an assignment of a cause of action, made simply as collateral to an indebtedness of the assignor to the assignee, is not such a transfer as makes the assignee liable for costs, under the provisions of the old Code of Practice (section 321,) and this rule has been adhered to ever since. It is true the Code was reenacted and amended by substituting section 3247 of the new Code of Civil Procedure in place of section 321 of the old Code, yet in respect to this matter the latter section is not materially varied from the former. This is so stated in the notes to section 3247 of new Code. See Banks' Bros. Annotated Code. The words "beneficially interested therein" mean one who takes the absolute title therein as transferee, and not a person who merely holds it as collateral security for the payment of a debt. In this case it appears that Hayt, the person against whom the relief was sought, was a holder of the claim in suit as collateral security for a debt due him from the plaintiff, and in no other way was interested in said suit. Order affirmed, with costs and disbursements.

DYKMAN, J. William I. Thorn was a lawyer in the city of Poughkeepsie, and died on the 1st day of March, 1890. Having performed professional services for the defendant, he assigned his claim therefor to Peter B. Hayt on the 3d day of January, 1888, as collateral security for an indebtedness to Hayt, and for certain contingent liability as indorser of notes. In May, 1889, Thorn commenced this action against the defendant to recover such claim. He obtained a judgment against Beard, which was affirmed at the general term, (14 N. Y. Supp. 339,) but reversed in the court of appeals, (32 N. E. Rep. 141.) Mary Thorn was substituted as the plaintiff. Upon the new trial, after the reversal by the court of appeals, the defendant obtained a judgment for costs, and thereafter made a motion at the special term to compel Mr. Hayt to pay the costs, upon the ground that he was the party in interest for whose benefit the action had been prosecuted. The motion was denied, and the defendant has appealed from the order of denial.

The appeal cannot prevail, for the reason that an assignment of a cause of action as collateral security to an indebtedness of the

assignor to the assignee is not such a transfer as makes the assignee liable for costs. Peck v. Yorks, 75 N. Y. 421. The order should be affirmed, with $10 costs and disbursements.