PRATT, J.
Motion to make an assignee of a claim in suit pay costs. It was held in the case of Peck v. Yorks, 75 N. Y. 421, that an assignment of a cause of action, made simply as collateral to an indebtedness of the assignor to the assignee, is not such a transfer as makes the assignee liable for costs, under the provisions of the old Code of Practice (section 321,) and this rule has been adhered to ever since. It is true the Code was reenacted and amended by substituting section 3247 of the new Code of Civil Procedure in place of section 321 of the old Code, yet in respect to this matter the latter section is not materially varied from the former. This is so stated in the notes to section 324T of new Code. See Banks’ Bros. Annotated Code. The words <fbeneficially interested therein” mean one who takes the absolute title therein as transferee, and not a person who merely holds it as collateral security for the payment of a debt. In this casé it appears that Hayt, the person against whom the relief was sought, was a holder of the claim in suit as collateral security for a debt due him from the plaintiff, and in no other way was interested in said suit. Order affirmed, with costs and disbursements.
DYKMAY, J.
William I. Thorn was a lawyer in the city of Poughkeepsie, and died on the 1st day of March, 1890. Having performed professional services for the defendant, he assigned his claim therefor to Peter B. Hayt on the 3d day of January, 1888, as collateral security for an indebtedness to Hayt, and for certain contingent liability as indorser of notes. In May, 1889, Thorn commenced this action against the defendant to recover such claim. He obtained a judgment against Beard, which was affirmed at the general term, (14 N. Y. Supp. 339,) but reversed in the court of appeals, (32 N. E. Rep. 141.) Mary Thorn was substituted as the plaintiff. Hpon the new trial, after the reversal by the court of appeals, the defendant obtained a judgment for costs, and thereafter made a motion at the special term to compel Mr. Hayt to pay the costs, upon the ground that he was the party in interest for whose benefit the action had been prosecuted. The motion was denied, and the defendant has appealed from the order of denial.
The appeal cannot prevail, for the reason that an assignment of a cause of action as collateral security to an indebtedness, of the *623 assignor to the assignee is not such a transfer as makes the assignee liable for costs. Peck v. Yorks, 75 N. Y. 421. The order should be affirmed, with $10 costs and disbursements.