MARY THORN, as Executrix, etc., Respondent, *v.* OLIVER T. BEARD, Appellant.

T. assigned a demand he claimed to have against B. to H. as security for an indebtedness. T. thereafter brought this action against B. upon said demand and recovered judgment against him, which was affirmed by the General Term. H. thereupon brought suit against the executrix of T. to establish his right to said judgment. It was stipulated between the parties that the balance of the judgment, over and above a sum specified as due plaintiff's counsel therein, should be paid to H., "when collected." Said judgment was subsequently reversed in this court and a new trial granted. Upon the new trial the complaint was dismissed and B. recovered judgment for his costs. *Held*, that a motion was properly denied, seeking to charge H. with such costs, under the provision of the Code of Civil Procedure (§ 3247), which provides that "Where an action is brought in the name of another by a transferee of the cause of action · * * * or where, after commencement of an action, the cause of action becomes, by transfer or otherwise, the property of a person not a party to the action, the transferee * * * is liable for costs," the same as if he was the plaintiff, as H. did not commence the action in the name of T. or authorize or procure its commencement or prosecution; nor was the judgment transferred to him.

(Submitted October 16, 1893; decided October 24, 1893.)

. Appeal from order of the General Term of the Supreme Court in the second judicial department, made July 28, 1893, which affirmed an order of Special Term denying a motion to charge Peter B. Hayt with the costs and disbursements of this action.

On the 3d day of January, 1888, William I. Thorn, being indebted to Peter D. Hayt, for the purpose of securing the payment of the indebtedness, assigned to him a demand which he claimed to have against the defendant, Oliver T. Beard. Thereafter, in May, 1889, Thorn commenced an action against Beard upon his demand, and in November, 1889, he recovered a judgment thereon for $1,800 and costs. Beard appealed from that judgment to the General Term, and while the appeal was pending there Thorn died, and his executrix was substituted as plaintiff in his stead. In May, 1891, the judgment was affirmed at the General Term. In June thereafter Hayt commenced an action against Mrs. Thorn, the executrix, alleging the assignment of William I. Thorn to him of his claim against Beard and the recovery of judgment thereon, and he prayed judgment of the court establishing his right to the judgment, and that the costs and counsel fees due to any person therein might be adjusted. Thereafter Hayt and Mrs. Thorn entered into an agreement adjusting the amount of his interest in the judgment, and it was therein stipulated that one of the plaintiff's attorneys, Morschauser, had a lien upon the judgment to the extent of $750.00 which should be paid to him, and that the balance of the judgment and interest should be paid to Hayt "when collected;" and it was provided that judgment might be entered upon the agreement. In April, 1892, Beard appealed from the judgment to the Court of Appeals, and there the judgment was reversed and a new trial granted; and upon the new trial the complaint was dismissed, and Beard had judgment in his favor for $728.60 costs. Beard then made a motion for an order requiring Hayt to pay his costs under section 3247 of the Code.

Further facts are stated in the opinion.

*Oliver T. Beard* for appellant, in person.  The cause of action became the property of respondent Hayt, pending litigation, and he is liable for defendant's costs.  (*Deen* v. *Miller*, 113 N. Y. 303; *Palen* v. *Stair*, 7 Hun, 422; *Morgan* v. *Bd. Suprs.*, 15 N. Y. Supp. 580; *Genet* v. *Davenport*, 58 N. Y. 607; *Giles* v. *Halbert*, 12 id. 38; *Miller* v. *Adsit*, 18 Wend. 672; *Miller* v. *Franklin*, 20 id. 632.)  Hayt assumed to substitute himself for the plaintiff and must abide by the position he assumed.  (*Bliss* v. *Otis*, 1 Den. 657; *Voorhees* v. *McCartney*, 51 N. Y. 389.)  Respondent Hayt had a beneficial interest in the action against appellant, and, within the meaning of the statute, he brought the action against appellant in the name of Thorn.  (*Whitney* v. *Cooper*, 1 Hill, 631, 632; *Dowling* v. *Bucking*, 52 N. Y. 658; Code Civ. Pro. § 3247; *Giles* v. *Halbert*, 12 N. Y. 34; *Slauson* v. *Watkins*, 69 id. 371; *Ward* v. *Roy*, Id. 96, 99; *Hawkins* v. *Barker*, 46 id. 670, 671; *Lawrence* v. *Taylor*, 5 Hill, 111–114; Add. on Cont. [Abbot & Wood ed.] 23; *C. Bank* v. *Warren*, 15 N. Y. 579, 580; *Coyle* v. *City of Brooklyn*, 53 Barb. 41; *Hoyt* v. *Thompson*, 19 N. Y. 218.)  Hayt had a beneficial interest in the action and was also active in its conduct. (*Wehle* v. *Spellman*, 1 Hun, 634; *Ward* v. *Roy*, 69 N. Y. 99; *Whitney* v. *Cooper*, 1 Hill, 633; *Gallatin* v. *Smith*, 48 How. Pr. 101; *Tucker* v. *Gilman*, 58 Hun, 171; *Slauson* v. *Watkins*, 95 N. Y. 371.)

*Hackett & Williams* for Hayt, respondent.  The assignment being collateral to an indebtedness of the assignor to the assignee, is not such a transfer as makes the assignee liable. (*Peck* v. *Yorks*, 75 N. Y. 421; *Matter of Dowling*, 52 id. 658.)  In the case at bar the assignment was not absolute in its terms, but was taken as collateral security for the debt due from Thorn to Hayt.  Thorn retained an interest in the claim as he supposed it then existed, so that Hayt upon collection would be liable to account to Thorn or his estate, and to pay over any surplus after satisfying his demands.  The assignee is not liable in such a case.  (*Miller* v. *Franklin*, 20 Wend. 629;

*Wolcott* v. *Holcomb*, 31 N. Y. 125.) In the case at bar the party moving to charge the respondent with costs, he not being a party to the suit, holds the affirmative and is bound to make out a satisfactory case. (*Wolcott* v. *Holcomb*, 31 N. Y. 125.)

Earl, J. Section 3247 provides as follows: " Where an action is brought in the name of another by a transferee of the cause of action, or by any other person, who is beneficially interested therein ; or where, after the commencement of an action, the cause of action becomes, by transfer or otherwise, the property of a person not a party to the action, the transferee, or other person so interested, is liable for costs in the like cases, and to the same extent as if he was the plaintiff ; and where costs are awarded against the plaintiff the court may, by order, direct the person so liable to pay them."

So far as there is any conflict in the affidavits read upon the motion, we must take the facts to be as stated in the affidavits on the part of Hayt, and from his affidavits it appears that he did not commence the action in the name of Thorn, nor did he authorize or procure its commencement, and at no stage of the litigation did he carry it on. He cannot, therefore, be made liable for costs under the first clause of the section on the ground that as transferee of the cause of action, or as one beneficially interested therein, he brought the action in the name of Thorn. Nor can he be made liable under the second clause of the section on the ground that after the commencement of the action the cause of action became, by transfer or otherwise, his property. The judgment was not assigned to him and he never owned it. He had an interest in it to the full amount due thereon, above $750, by virtue of his assignment of the claim, which sum of $750 was payable out of the judgment to another party, and the balance of the judgment payable to him was to be paid " when collected." So we have a case where a claim was assigned to Hayt to secure a debt to him from the assignor, where the litigation over the claim was carried on from beginning to end by the assignor and his

executrix after his death, Hayt taking no part in the litigation; and such facts in our opinion do not make him liable for the costs recovered by the defendant in the action under the section of the Code cited.

The order of the General Term should be affirmed, with costs. All concur.

Order affirmed.