(160 App. Div. 673)

MOORE v. VULCANITE PORTLAND CEMENT CO. et al.

(Supreme Court, Appellate Division, First Department. February 20, 1914.)

1. Costs (§ 97*)—Persons Liable—Statute—Transferee or Person Beneficially Interested.

    Under Code Civ. Proc. § 3247, providing that when an action is brought in another's name by a transferee or person beneficially interested, he shall be liable for the costs as though he were the plaintiff, persons having an interest in the action, who refused to join as plaintiffs, and being made defendants merely asked for their share of any recovery, could not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be held liable, since the action was brought by the plaintiff, and they had nothing to do with starting it.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 381, 382; Dec. Dig. § 97.*]

2. COSTS (§ 99*)—PERSONS LIABLE—STATUTE—PERSONS NOT PARTIES—TRANS-FEREE.

Under Code Civ. Proc. § 3247, providing that where, after the commencement of an action, the cause of action becomes the property of a person "not a party to the action," such person shall be liable for the costs the same as the plaintiff, persons made defendants, for whose benefit a portion of the judgment against the other defendant was assigned in trust to be paid when collected, could not be held liable for the costs upon reversal of the judgment, since they were not only parties to the action, but were not the owners of the judgment.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 388–391; Dec. Dig. § 99.*]

3. COSTS (§ 3*)—TAXATION—AUTHORITY—NECESSITY OF STATUTE.

Costs can only be taxed when awarded in pursuance of some statute, and there is no flexibility in the rule relating to costs in law actions, for nothing is left to the court's discretion.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1, 4, 5; Dec. Dig. § 3.*]

Appeal from Special Term, New York County.

Action by Albert S. Moore against the Vulcanite Portland Cement Company, Louis Hedden, and another. From an order directing the defendant Hedden and the third defendant to pay two judgments for costs recovered in this action against the plaintiff by the defendant Vulcanite Portland Cement Company, the defendant Hedden appeals. Reversed.

See, also, 134 App. Div. 964, 119 N. Y. Supp. 1135.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Eidlitz & Hulse, of New York City (Harry N. French, of New York City, of counsel), for appellant.

Wm. Forse Scott, of New York City (Francis J. McLoughlin, of New York City, on the brief), for respondent.

CLARKE, J. Plaintiff Moore brought an action against the Vulcanite Portland Cement Company, alleging that before May 1, 1902, Moore, Hedden, and Dunn entered into a copartnership agreement for the purpose of buying and selling cement, agreeing to share equally each one-third of the profits and losses of the business; that Dunn duly transferred all of his interest to the Northampton Portland Cement Company; that Hedden and the Northampton Portland Cement Company have been requested to join with the plaintiff as parties plaintiff, and have neglected and refused to do so, and are accordingly made parties defendant; that May 1, 1902, Moore, Hedden, and Dunn, through their agent, V. J. Hedden & Sons, entered into an agreement with the defendants, whereby it was agreed that the defendant Vulcanite Portland Cement Company should sell and deliver to the said agents of plaintiff Moore and defendants Hedden and Dunn, as-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

signor of the Northhampton Portland Cement Company, on demand, 25,000 barrels of high-grade vulcanite cement, and plaintiff and said defendants should accept through their said agent the same, and pay therefor $1.02 per barrel f. o. b. the cars at Vulcanite, N. J., that is, at the factory of defendant, with the freight charges paid in advance upon all shipments, and on terms of credit of 30 days after delivery; that between May 2, 1902, and October 11, 1902, defendant Vulcanite Portland Cement Company duly delivered, under and according to the terms of said agreement, 3,600 barrels of vulcanite cement, and plaintiff and defendants duly paid therefor $4,392; that during August, September, and October, 1902, plaintiff and said defendants were ready, and willing and duly offered to defendant the Vulcanite Company, to receive and pay for said cement pursuant to said agreement, and requested said company to deliver same and have otherwise duly performed; that the Vulcanite Company has neglected and refused to deliver, except 3,600 barrels, to the damage of plaintiff in the sum of $14,992, for which plaintiff demands judgment. The defendants Hedden and the Northampton Portland Cement Company answered by a joint answer through one attorney. They admitted that Hedden and Dunn co-operated with plaintiff in buying and selling for their joint account, and on terms they agreed upon the cement mentioned in the complaint, and they demanded judgment awarding to them two-thirds of the amount of any recovery which might be had by the plaintiff and for their costs and disbursements. These two defendants were represented upon the several trials and appeals. Their counsel's name is on the brief to the Court of Appeals. They procured plaintiff's undertaking on appeal, and furnished the surety on that undertaking for the money to pay costs on that appeal.

On the second trial judgment was docketed in favor of the plaintiff January 28, 1907, for $13,633.81 against the Vulcanite Portland Cement Company. On January 31, 1907, one-third interest in said judgment was assigned by plaintiff to one of their attorneys as trustee for Hedden and one-third as trustee for the Northampton Portland Cement Company, in trust to collect the same and pay two-thirds of the costs, disbursements, and attorney's fees to plaintiff or his attorney and the balance to Hedden and the Northampton Company. Both of said assignments were docketed in the county clerk's office on February 5, 1907. Upon appeal from said judgment this court reversed and ordered a new trial. 121 App. Div. 667, 106 N. Y. Supp. 393. On the new trial the complaint was dismissed, with costs to the defendant Vulcanite Portland Cement Company, which costs were taxed at $785.- 31. Upon appeal said judgment was affirmed (134 App. Div. 964, 119 N. Y. Supp. 1135) with costs taxed at $122.71. On appeal to the Court of Appeals this judgment was affirmed. 204 N. Y. 680, 98 N. E. 1108. Thereafter execution was issued to the sheriff upon the several judgments for costs against the plaintiff, and returned unsatisfied, and no part of said judgments of the Trial Term and of this court has been paid. The defendant Vulcanite Portland Cement Company made a motion for an order to compel defendants Hedden and Northampton Portland Cement Company to pay the amount of the two judgments

aggregating $908.02, with interest, in accordance with the provisions of section 3247 of the Code of Civil Procedure, and the moving affidavits state:

"From the above facts it clearly appears, and deponent alleges upon information and belief, that this action is brought in the name of the plaintiff by said defendants Louis C. Hedden and Northampton Portland Cement Company, who are beneficially interested therein,· and for whom and for whose benefit the cause of action herein or part thereof has been transferred, and that after the commencement of this action the cause of action herein became the property of said two defendants, who were interested jointly with the plaintiff in any recovery herein, and entitled each to an undivided one-third part thereof."

From the order granting this motion this appeal is taken.

Section 3247 of the Code of Civil Procedure provides as follows:

"Where an action is brought, in the name of another, by a transferee of. the cause of action, or by the other person, who is beneficially interested therein; or where, after the commencement of an action, the cause of action becomes, by transfer or otherwise, the property of a person, not a party to the action; the transferee, or other person so interested, is liable for costs, in the like cases, and to the same extent, as if he was the plaintiff; and, where costs are awarded against the plaintiff, the court may, by order, direct the person so liable to pay them."

[1] The section provides for two separate and independent contingencies, and is derived from two separate statutory provisions. The first applies to circumstances prior to the commencement of the action—

"where an action is brought, in the name of another, by the transferee of the cause of action, or by any other person, who is beneficially interested therein."

This action was brought by the plaintiff Moore, as appears by its title and by the positive averment of the moving affidavit. The complaint alleges that defendants Hedden and the Northampton Portland Cement Company have been requested to join with plaintiff as parties plaintiff in this action, and have neglected and refused to do so, and are accordingly made parties defendant. It was therefore not brought by a transferee of the cause of action or another person beneficially interested therein in the name of another, and the appellants cannot be held liable under the first clause of the section relied upon. Thorn v. Beard, 139 N. Y. 482, 34 N. E. 1100. The utmost that can be spelled out of these papers is that, while these two defendants refused to join in bringing the action, they took the position that if, notwithstanding that fact, plaintiff went on and procured a judgment, they wished to participate in it to the extent of the interest which he said they had therein. They did not transfer their claim to him, and they did not procure the institution of the suit. As a matter of fact the judgment which he obtained was for $13,633.81, and provided that plaintiff have execution therefor.

[2] The second clause of the section is as follows:

"Or where after the commencement of an action, the cause of action becomes, by transfer or otherwise, the property of a person, *not a party to the action.*"

146 N.Y.S.—7

The cause of action did not become by transfer the property of said defendants, and they *were* parties to the action. Each of these defendants became beneficially interested in a portion of one-third of the judgment docketed in favor of the plaintiff January 28, 1907, and subsequently reversed under the assignment in trust to Lester; but, as stated in Thorn v. Beard, supra:

"Nor can he be made liable under the second clause of the section, on the ground that after the commencement of the action the cause of action became, by transfer or otherwise, his property. The judgment was not assigned to him, and he never owned it. He had an interest in it to the full amount due thereon, above $750, by virtue of his assignment of the claim, which sum of $750 was payable out of the judgment to another party, and the balance of the judgment payable to him was to be paid 'when collected.' "

[3] "Costs cannot be taxed unless they have been duly awarded, and they can only be awarded in pursuance of the provisions of some statute. * * * There is no flexibility in the rule relating to costs in actions at law, for nothing is left to the discretion of the court." Stevens v. Central National Bank of Boston, 168 N. Y. 560–566, 61 N. E. 904, 906.

We do not think that the appellant comes within the statute, and the order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs to the appellant. All concur.