MORRIS G. SAMUELS, Plaintiff, *v.* AUSTIN FIRE INSURANCE COMPANY OF DALLAS, TEXAS, Respondent.

MORRIS JASPER, Appellant.

First Department, December 1, 1916.

Costs — action on insurance policy assigned as security — when assignee not liable for costs — section 3247, Code of Civil Procedure, construed.

Where a fire insurance policy was assigned solely as collateral security for the payment of loans, the assignee cannot under section 3247 of the Code of Civil Procedure be compelled to pay the costs of an action on the policy brought by the assignor, for said section does not apply to such assignment.

APPEAL by Morris Jasper from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of October, 1916, directing him as the person beneficially interested in the recovery in this action, to pay the costs awarded to the defendant pursuant to section 3247 of the Code of Civil Procedure.

*Alexander S. Marcuson,* for the appellant.

*Sidney J. Loeb,* for the respondent.

PAGE, J.:

The action was brought by the plaintiff, Morris G. Samuels, to recover upon a policy of fire insurance. After the action was commenced notice was served upon the defendant that the policy had been assigned to Morris Jasper.

Judgment for costs was awarded in favor of the defendant for $176.36. This motion was made to compel Morris Jasper, the assignee, to pay the costs and the order appealed from entered to that effect.

In opposition to the motion the appellant submitted affidavits of himself and of the plaintiff stating that the assignment of the policy, together with a number of other policies, was merely as collateral security for the payment of certain notes given by the plaintiff to Jasper in payment of an indebtedness to Jasper. The assignments are annexed to the affidavits and recite: "This assignment is made for the purpose of securing the payment to Morris Jasper of four notes given by the said Samuels to the said Morris Jasper." At the bottom of one of them is the statement: "I hereby agree to return this assignment if each of the notes above mentioned shall hereafter be endorsed by both of the present endorsers jointly, namely: Julius Krulewitch and Chas. Whitcup."

Another of the assignments contains a provision permitting the assignee to settle the claims with the insurance companies "unless within six months from the date hereof, the said M. G. Samuels & Company reduces its indebtedness to the said Morris Jasper in at least the sum of $12,800."

This is enough to show that on the face of the papers the assignments were merely as collateral security for the payment of loans. It is held that section 3247 of the Code does not apply to such an assignment. (*Peck* v. *Yorks,* 75 N. Y. 421; *Thorn* v. *Beard,* 71 Hun, 112; affd., 139 N. Y. 482.)

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SCOTT, SMITH and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.